[No. B147995. Second Dist., Div. Two. Mar. 22, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE D. ARROYAS, Defendant and Appellant.

**COUNSEL**

Christine C. Shaver, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Jaime L. Fuster and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**BOREN, P. J.**—After the trial court overruled appellant's demurrer for failure to state a public offense, appellant pled guilty to vandalism, a felony,

pursuant to Penal Code section 186.22, subdivision (d),[1] and admitted the street gang enhancement allegation under section 186.22, subdivision (b)(1). Appellant was placed on formal probation for three years, with the condition he serve 180 days in the county jail. The trial court also ordered appellant to pay $200 in restitution.

On appeal, appellant contends that the trial court erred in overruling his demurrer for failure to state a public offense because (1) a misdemeanor cannot be charged as a felony when it is alleged pursuant to section 186.22, a gang enhancement penalty provision, and (2) the prosecution improperly used subdivision (d) to make vandalism with less than $400 damage a felony, enabling the prosecution to attach the special sentencing enhancement allegation, section 186.22, subdivision (b)(1).

We affirm the trial court's ruling denying appellant's demurrer, because the crime of vandalism with less than $400 in damage is a public offense, regardless of the effect of section 186.22, subdivision (d). With respect to section 186.22, subdivisions (b)(1) and (d), we find that a misdemeanor may become a felony, for sentencing purposes, when committed in violation of section 186.22, subdivision (d), but that subdivision (b)(1) does not apply to such misdemeanors.

### FACTS

Whittier Police Officers James Price and Curt Levsen saw appellant on July 15, 2000, writing on a real estate sign in front of 7227 Comstock Avenue. As Officer Levsen approached him, appellant threw a green pen. The officer detained appellant for questioning. Appellant was advised of and waived his constitutional rights and told the officers that he was a member of the Whittier Barrio Locos, a criminal street gang, and that his moniker was Chewy. He also admitted to writing graffiti in six or seven other locations that day. The officers observed graffiti on the real estate sign and saw the letters WVLS written in green ink. Officers later observed similar green graffiti markings in various nearby locations, including markings on a white door at 7657 Comstock Avenue, with a partially written V, an L and the word "Chewy" written in green ink, and green graffiti markings on a telephone box, a garage door, and a fence.

Officer Price was familiar with the Whittier Barrio Locos gang's criminal activity and recognized appellant as a Whittier Barrio Loco gang member. The area in which the officers observed the green graffiti markings is within the gang territory of Whittier Barrio Locos and gang members often write WVLS or WVL when referring to their gang.

---

[1]Unless otherwise specified, all further statutory references are to the Penal Code.

## Procedural Context

After a preliminary hearing, an information initially charged appellant with "Vandalism over $400 Damage, in violation of Penal Code Section 594 (a), a Felony."[2] The information further alleged that the offense was committed for the benefit of, and in association with, a criminal street gang, in violation of section 186.22, subdivision (b)(1), and that appellant had incurred a prior "strike" conviction. (§ 1170.12, subds. (a)-(d) & § 667, subds. (b)-(i).) Appellant pled not guilty and denied the special allegations. The information was subsequently amended to charge appellant with the crime of vandalism in violation of section "594(a)(1), a Felony, pursuant to PC Sec. 186.22(d) . . . ." The reference to "$400 damage" was deleted. No other allegations in the complaint were amended.

Appellant demurred to the amended complaint for failure to state a public offense and filed a motion to set aside the information. (§ 1004, subds. 4, 5, § 995.) The trial court overruled the demurrer and denied the motion. Appellant withdrew his original plea of not guilty and pled guilty to vandalism. He admitted the street gang enhancement allegation. The trial court placed appellant on formal probation for three years with a condition that he serve 180 days in county jail. The court also ordered appellant to pay $200 in restitution. Appellant appeals from the judgment (order granting probation) on the grounds that the trial court erred in denying his demurrer and, based on that denial, he pled guilty.

## Discussion

■ Appellant contends that the trial court prejudicially erred in overruling the demurrer because the crime of vandalism with less than $400 in damage is not a felony as alleged in the information. Specifically, appellant argues that a misdemeanor, such as vandalism with less than $5,000 in damage, cannot be charged as a felony simply because it is alleged pursuant to section 186.22, subdivision (d). According to appellant, an individual must be charged and convicted of a substantive crime prior to the court's applying section 186.22, a gang enhancement penalty provision. Appellant also argues that the prosecution improperly used subdivision (d) to make vandalism a felony, enabling the prosecution to attach the special sentencing enhancement allegation, section 186.22, subdivision (b)(1)—an improper procedure that will produce "unjust and unintended consequences" in the future.

---

[2]At the time of this offense, vandalism with damage of "four hundred dollars ($400) or more but less than five thousand dollars ($5,000)" was "punishable by imprisonment in a county jail not exceeding one year, or by a fine of five thousand dollars ($5,000), or by both . . . ." (§ 594, former subd. (b)(3).) Thus, pursuant to section 17, subdivision (a), this offense as charged was a misdemeanor.

In the trial court, appellant demurred for failure to state a public offense. Appellant argued that the crime of vandalism in violation of section 594, subdivision (a)(1), with less than $400 in damage, is a straight misdemeanor offense and section 186.22 subdivision (d), does not convert a misdemeanor into a felony. Further, appellant also argued that section 186.22 only applies to wobbler offenses,[3] not straight misdemeanors, and therefore was inapplicable to vandalism with less than $400 in damage.[4] The demurrer's overarching contention, however, was that section 186.22 is unclear and ambiguous, which leads to several possible interpretations of the statute. The trial court overruled the demurrer stating it was an improper vehicle for challenging the ambiguity of the statute.

I.   *The crime of vandalism with less than $400 in damage is a public offense, regardless of the effect of section 186.22, subdivision (d).*

The crime of vandalism with less than $400 in damage is a public offense, regardless of the effect section 186.22, subdivision (d), has on charging the offense as a misdemeanor or felony. Section 594, subdivision (a)(1), states that every person who maliciously defaces, with graffiti or other inscribed material, any real or personal property not his or her own, in cases other than those specified by state law, is guilty of vandalism. In 2000, vandalism was subject to either misdemeanor or felony punishment if the amount of defacement, damage, or destruction was $5,000 or more (§ 594, former subd. (b)(2)) but was strictly subject to misdemeanor punishment if the defacement, damage or destruction was less than $5,000. (§ 594, former subd. (b)(3), (4)(A).) As a misdemeanor, vandalism received greater punishment if the damage was over $400. (§ 594, former subd. (b)(3) [up to one year in county jail].) If the damage was under $400, the punishment was lighter. (§ 594, former subd. (b)(4)(A) up to only six months in county jail].) However, vandalism is a public offense under sections 15 and 16, regardless of whether it is charged as a felony or misdemeanor and regardless of the punishment provided.

According to section 15, a "public offense" is "committed or omitted in violation of a law forbidding or commanding it" where, after conviction, the defendant may be imprisoned or fined. Furthermore, under section 16, both felonies and misdemeanors constitute public offenses. The crime of vandalism with less than $400 damage is a public offense because it was committed

---

[3]A wobbler is any crime that may be punished as either a misdemeanor or a felony. (See *People v. Vessell* (1995) 36 Cal.App.4th 285, 291-292 [42 Cal.Rptr.2d 241].)

[4]The interpretation and application of section 186.22, subdivision (d), is presently before the California Supreme Court, which on October 24, 2001, granted review in *Robert L. v. Superior Court* (2001) 90 Cal.App.4th 1414 [109 Cal.Rptr.2d 716], S100359.

in violation of section 594, subdivision (a)(1), which is punishable by imprisonment in county jail or a fine, despite the effect of section 186.22, subdivision (d). Appellant was charged with vandalism and this charge, under sections 15, 16, and 594, subdivision (a)(1), remains a public offense to which he pled guilty.

II.  *When a misdemeanor is committed in violation of section 186.22 subdivision (d), it becomes a felony, at the judge's discretion, for sentencing purposes.*

Although vandalism with less than $5,000 in damage is a misdemeanor, vandalism may become a felony for sentencing purposes under subdivision (d) of section 186.22. Subdivision (d) requires that "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in the county jail not to exceed one year, or by imprisonment in the state prison for one, two, or three years, provided that any person sentenced to imprisonment in the county jail shall be imprisoned for a period not to exceed one year, but not less than 180 days . . . . If the court grants probation or suspends the execution of sentence imposed upon the defendant, it shall require as a condition thereof that the defendant serve 180 days in county jail." Vandalism is a "public offense punishable as a felony or a misdemeanor." Since appellant pled guilty and admitted the gang enhancement allegation, vandalism, regardless of the amount of damage, became subject to felony sentencing at the discretion of the trial judge. Although the judge decided to exercise his discretion in favor of granting probation, rather than sentencing appellant to one, two, or three years in prison, the possibility remains that appellant's probation could be revoked and that appellant could receive a felony disposition.

III.  *The Legislature did not intend that subdivision (b)(1) would apply to a misdemeanor offense made a felony pursuant to subdivision (d).*

In enacting section 186.22, the Legislature sought to provide an alternative sentencing scheme, producing harsher punishment for gang-related offenses. Under subdivision (b)(1) of section 186.22, an enhanced sentence of two, three, or four years may be imposed upon conviction of a gang-related felony. Comparatively, subdivision (d) provides an enhanced sentence of one, two, or three years for conviction of a gang-related felony or misdemeanor. According to the Legislature, the purpose of the statute was to combat the "state of crisis which has been caused by violent street gangs

whose members threaten, terrorize, and commit a multitude of crimes against the peaceful citizens of their neighborhoods." (§ 186.21.) The Legislature further found that gangs and gang-related activities constituted a "clear and present danger to public order and safety." (*Ibid.*)

While any felony may be punished under section 186.22, subdivision (b)(1), subdivision (d) presents an option to punish a felony differently than provided by subdivision (b)(1), and also provides an option to punish gang-related misdemeanors more severely. Although subdivision (d) allows the court to impose felony punishment for a misdemeanor committed with a gang-related purpose, nothing in the statute or in its stated purposes suggests an intention of the people of this state to bootstrap subdivision (d) misdemeanors into subdivision (b)(1) felonies as a means of applying a double dose of harsher punishment.

We necessarily review the history of section 186.22 and its subdivisions.

A.  *The Legislature enacts section 186.22 in 1988.*

In 1988, the Legislature enacted section 186.22, part of the Street Terrorism Enforcement and Prevention Act.[5] In the original version, subdivision (b) stated: "Any person who is convicted of a felony or a misdemeanor which is committed for the benefit of, at the direction of, or in association with, any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished in the following manner . . . ." (Stats. 1988, ch. 1242, § 1, p. 4128.) Subdivision (b)(1) delineated the enhanced punishment available for a misdemeanor, while subdivision (b)(2) set forth the enhanced punishment for a felony conviction. (Stats. 1988, ch. 1242, § 1, p. 4128.)

The Report of the Assembly Committee on Public Safety states that this Senate bill provided sentencing "enhancements" for gang-related crimes. (Assem. Com. on Public Safety, New Statutes Affecting the Criminal Law, Sen. Bill No. 1555 (1989-1990 Reg. Sess.) p. 17.) However, as described in the report and as enacted in subdivisions (b)(1) and (b)(2), section 186.22 provided an increased punishment for a misdemeanor of up to one year in jail or one, two, or three years in prison and an enhancement of a felony sentence with additional and consecutive punishment of one, two, or three, years, at the court's discretion. (Assem. Com. on Public Safety, at p. 17.)

---

[5]The bill was proposed in the Senate and became Senate Bill No. 1555 prior to being enacted into law. (Sen. Bill No. 1555 (1989-1990 Reg. Sess.).)

B. *The Legislature amends subdivision (b) of section 186.22 in 1989 and adds subdivision (c) (subdivision (d) after 1998).*

A year after section 186.22 was enacted, the Legislature amended subdivision (b) by eliminating all references to misdemeanors. (Stats. 1989, ch. 144, § 1, p. 1096.) This subdivision, as it was amended in 1989, is substantially similar to that which appears in the statute today.

However, while the Legislature eliminated all references to misdemeanors in subdivision (b)(1), it added subdivision (c), which provided penalty enhancements for "Any person who is convicted of a public offense punishable as a felony or a misdemeanor." (Stats. 1989, ch. 144, § 1 p. 1096.) This section, although deleted in 1994, was reinserted in 2000 through Proposition 21, as subdivision (d).

In drafts of the statute's amendments, it appears the Legislature intended to take subdivision (b)(1) and (2) of section 186.22, from the originally enacted statute, and convert the enhanced punishments for gang-related felonies and misdemeanors into separately lettered subdivisions. In an early draft of the statute's amendments, for example, subdivision (c) applied only to misdemeanors, and not felonies. (Sen. Bill No. 1555 (1989-1990 Reg. Sess.) as amended Mar. 10, 1989, p. 3.) The final draft, however, provided penalty enhancements for felonies under subdivision (b)(1) and increased sentences for wobblers under subdivision (c). (Stats. 1989, ch. 144, § 1, p. 1096.) The legislative record does not explain why subdivision (c), was at one time only applicable to misdemeanors, but was subsequently altered to apply to public offenses punishable as misdemeanors or felonies. The legislative record is also barren regarding the effect each provision was to have on the other and their legal implications.

One possible reason for the two different provisions is that section 186.22, subdivision (c) applied only to wobbler offenses. The Legislative Counsel's Digest stated that the bill would "recast, without substantial change, those provisions relating to the punishment provided for those felonies, and, with respect to the provisions currently relating to misdemeanors, would limit those provisions to public offenses punishable as misdemeanors or felonies." (Legis. Counsel's Dig., Sen. Bill No. 1555 (1989-1990 Reg. Sess.) 4 Stats. 1989, Summary Dig., p. 55.) This implies that subdivision (b)(1) of section 186.22 was intended to apply only to felony offenses and subdivision (c) would only apply to wobblers. If the two subdivisions are interpreted in this manner, then a wobbler, punished as a misdemeanor, would not subject a defendant to double punishment because only subdivision (c) would apply. However, if a wobbler offense was punished as a felony then there would be

a question as to whether subdivision (b)(1) would apply in addition to subdivision (c) because both subdivisions apply to felonies.

Although there is some indication subdivision (c) may apply to wobblers, the legislative history is inconsistent concerning this intent. For example, in a document from the Senate Committee on Judiciary, it states that the amendments would "recast, without substantial change, those provisions relating to the punishment provided for those misdemeanors and felonies . . . ." (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1555 (1989-1990 Reg. Sess.) May 16, 1989, p. 2.) This statement suggests that the legislators did not intend to alter the substance of the statute but merely to restructure the existing provisions. In fact, the Senate Rules Committee found that the Assembly's amendments to the bill were for clarification purposes and not intended to alter the intent of the bill as passed by the Senate. (Sen. Rules Com., Rep. on Sen. Bill No. 1555 (1989-1990 Reg. Sess.) p. 1.) It is reasonable to conclude that the Legislature did not intend to provide any more or any less punishment through the 1989 amendments, than it had originally sought to provide in the original version of section 186.22.

C.  *Subdivision (c) is repealed in 1994.*

In 1994, subdivision (c) was deleted from section 186.22. Subdivision (b)(1) remained substantially unchanged. (Stats. 1994, ch. 47, § 1, p. 389.)

D.  *Governor Pete Wilson supports crime bill amending section 186.22, but the bill is defeated in 1998.*

Because of the increasing sense of urgency to combat gang-related crime in California, Governor Pete Wilson supported a crime bill proposed by the Senate and the Assembly, amending section 186.22. These amendments included the addition of subdivision (d) to section 186.22, providing sentencing enhancements for public offenses charged as felonies and misdemeanors. (Sen. Bill No. 1455 (1997-1998 Reg. Sess.) § 4; Assem. Bill No. 1735 (1997-1998 Reg. Sess.) § 4.) The proposed subdivision was identical to subdivision (c), repealed in 1994. The Senate's bill analysis found that subdivision (d) "would apply to gang members who commit misdemeanors as well as felonies." (Sen. Subcom. on Juvenile Justice, Rep. on Sen. Bill No. 1455 (1997-1998 Reg. Sess.) Apr. 20, p. 19, also found at <http://leginfo.public.ca.gov/pub/97-98/bill/sen/sb_1451-1500/sb_1455_cfa _19980421_075250_sen_comm.html> [as of Mar. 22, 2002].) According to the Senate, "This provision appears to be in addition to, rather than instead of, the existing provision proscribing any felonious conduct by a gang member." (*Ibid.*) However, the Senate reported it was unclear how the provision would relate to other gang provisions. (*Ibid.*)

Ultimately, the bill was defeated. Lawmakers rejected the crime bill, stating that the legislative focus should be on "prevent[ing] juveniles from committing crimes rather than just locking them up." (*Propositions* (Feb. 2000) Cal. J. 59, 63.)

E. *Proposition 21 is approved by the voters in 2000 and restores subdivision (d) (formerly subdivision (c).)*

Because the Legislature failed to enact the crime bill, Governor Wilson took the legislation to the people of California. It was placed on the ballot as Proposition 21, or The Gang Violence and Juvenile Crime Prevention Act. (*Propositions, supra,* Cal. J. at p. 63.) Proposition 21 passed on March 7, 2000, and became effective on March 8, 2000. It amended section 186.22, subdivision (b)(1), to punish gang-related felonies with two, three, or four years in prison, except if the felony was serious, as defined by subdivision (c) of section 1192.7. Proposition 21 also reinserted subdivision (d), formerly subdivision (c), providing increased sentences for gang-related felonies and misdemeanors. (§ 186.22, subd. (d).)

The text of the proposition fails to indicate the purpose and effect of section 186.22, subdivision (d) in relationship to subdivision (b)(1). The only relevant statement of intent, other than that generally dealing with the people's desire to punish harshly gang-related crime, is section 37 of the proposition. (Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, p. 119 et seq.) That section states that "if any provision in this act conflicts with another section of law which provides for a greater penalty or longer period of imprisonment that the latter provision shall apply, pursuant to Section 654 of the Penal Code." (*Id.,* § 37, p. 131.) This statement voices the intent of the people that gang-related crimes receive enhanced punishment, but voices no intent that a defendant receive double punishment because his or her crime fell within the scope of two statutes. Rather, section 37 of the proposition advises that where a crime does fall within the scope of two statutes, only the statute yielding the longer period of punishment should apply. If for two separate statutes, the people intended for the longest period of punishment to apply, it is logical to infer an intent that a crime, falling within two separate sentencing provisions of one statute, would likewise be punished only once.

Nothing in the ballot summary relating to Proposition 21 suggests an intent to permit the prosecution to use both subdivision (d) and subdivision (b)(1) of section 186.22 to increase the punishment for a gang-related misdemeanor. We are thus unable to find any support for the position that a misdemeanor, converted to a felony by subdivision (d), may also be subject to the felony enhancement provided in subdivision (b)(1).

Finally, " 'it is appropriate to apply the rule of lenity in resolving any ambiguity in the ambit of [a] statute's coverage. To the extent that the language or history of [a statute] is uncertain, this "time-honored interpretive guideline" serves to ensure both that there is fair warning of the boundaries of criminal conduct and that legislatures, not courts, define criminal liability. [Citations.]' (*Crandon v. United States* (1990) 494 U.S. 152, 158 [110 S.Ct. 997, 1001-1002, 108 L.Ed.2d 132]; see also *United States v. Thompson/Center Arms Co.* (1992) 504 U.S. 505, 517-518 [112 S.Ct. 2102, 2109-2110, 119 L.Ed.2d 308] . . . .)" (*Harrott v. County of Kings* (2001) 25 Cal.4th 1138, 1154 [108 Cal.Rptr.2d 445, 25 P.3d 649].)

Since the language of section 186.22 is ambiguous, it must be construed in favor of appellant. Such a construction precludes penalty enhancement under both subdivision (d) and subdivision (b)(1). Thus, we conclude that the enhancement of subdivision (b)(1) cannot be applied to a misdemeanor offense made a felony pursuant to subdivision (d). Accordingly, in the event appellant violates probation, the enhanced prison terms specified in subdivision (b)(1) would be inapplicable.

## DISPOSITION

The judgment (order granting probation) is affirmed.

Nott, J., and Ashmann-Gerst, J., concurred.