[No. E047553. Fourth Dist., Div. Two. Jan. 7, 2010.]

In re J.V., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
J.V., Defendant and Appellant.

## COUNSEL

John D. O'Loughlin, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gary W. Schons, Assistant Attorney General, Barry Carlton and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GAUT, J.**—On appeal, J.V., a minor, raises a number of issues related to gang registration under Penal Code section 186.30.[1] We conclude the juvenile court properly imposed the mandatory registration requirement.

### 1.   Factual and Procedural Background

In September 2007, J.V. was charged by juvenile wardship petition (Welf. & Inst. Code, § 602) in Los Angeles County with contempt of court, in violation

---

[1] Unless otherwise noted, the statutory references are to the Penal Code.

of Penal Code section 166, subdivision (a)(4),[2] for willingly disobeying an injunction against associating with fellow gang members of the Olive Street gang. According to the probation report, the Pomona police detained J.V. in July 2007 after he was observed in the company of two other minors, all three wearing gang attire. J.V. had previously been served with the gang injunction order. Initially, J.V. denied any affiliation with the Olive Street gang. He admitted having a prior association with the moniker "Brainz."

In November 2007, J.V. was charged by petition in San Bernardino juvenile court with furnishing marijuana in violation of Health and Safety Code section 11360, subdivision (b).

Also in November 2007, J.V. pleaded no contest to the gang association allegation in the Los Angeles case. The Los Angeles court sustained the petition and transferred the case to San Bernardino County for disposition.

On December 14, 2007, before receiving the Los Angeles case, the San Bernardino court granted informal probation to J.V. under section 654.2.

On January 17, 2008, after receiving the Los Angeles case, the San Bernardino court terminated the informal probation, reinstated the November 2007 petition, and continued both cases for disposition.

In February 2008, the court declared J.V. a ward of the court and placed him on probation in his mother's custody. The court imposed, and stayed, pending a further hearing, the probation condition that defendant register as a gang member under section 186.30. The court dismissed the registration requirement in March 2008.

In September 2008, J.V. was charged with three probation violations. He admitted violating the prohibition against wearing gang clothing or displaying or using gang items. The court dismissed the other two alleged violations, continued J.V. as a ward of the court, and continued the matter for a dispositional hearing on the gang registration requirement.

In October 2008 at the contested dispositional hearing, the People asked the San Bernardino court to take judicial notice of the gang injunction that had been issued by the Los Angeles court in June 2006.

In December 2008, the court found the contempt offense concerning the injunction was gang related per se and ordered that J.V. register as a gang member.

---

[2] "Willful disobedience of the terms as written of any process or court order or out-of-state court order, lawfully issued by any court, including orders pending trial." (§ 166, subd. (a)(4).)

The court dismissed the San Bernardino petition for furnishing marijuana in January 2009 and personally advised J.V. of his registration obligation.

### 2. Analysis

In summary, J.V. was charged with contempt of court for violating the gang injunction, for furnishing marijuana, and for three probation violations. He admitted the contempt charge and the probation violation for wearing gang clothing. At the time of a contested dispositional hearing in December 2008, the court found that violating the gang injunction was a gang-related offense per se, relying on *Lopez v. Superior Court* (2008) 160 Cal.App.4th 824 [72 Cal.Rptr.3d 929]. Based on that finding, the court ordered J.V. to register under the gang registration statute, section 186.30.

### A. "Gang Related"

■ Section 186.30, provides that a minor who has had a juvenile petition sustained for a crime that the court finds is "gang related" at the time of sentencing or disposition shall register with the chief of police. The courts have repeatedly held the meaning of "gang related" as used in section 186.30 is the same as used in section 186.22. (*In re Jorge G.* (2004) 117 Cal.App.4th 931, 940–941 [12 Cal.Rptr.3d 193]; *People v. Martinez* (2004) 116 Cal.App.4th 753, 761–762 [10 Cal.Rptr.3d 751].)

J.V. argues there was no holding in *Lopez* involving the meaning of "gang related" in section 186.30 and the trial court failed to exercise its discretion to make a finding about whether J.V.'s offense was a gang-related crime. Furthermore, J.V. asserts the injunction violation was not a gang-related crime under section 186.22, subdivision (d), requiring proof that the crime was committed for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members. (*People v. Gardeley* (1996) 14 Cal.4th 605 [59 Cal.Rptr.2d 356, 927 P.2d 713].)

In *Lopez*, the defendant was arrested for possessing open alcohol containers, while in the company of gang members, in violation of a gang injunction. He was charged with three counts of contempt, each carrying a gang enhancement allegation that elevated the misdemeanor contempt to a felony. (§§ 166, subd. (a)(4), 186.22, subd. (d).) The appellate court's primary holding was that, because the contempt for violating a gang injunction was gang-related conduct, it would be improper to permit double punishment by additionally allowing a gang enhancement. (*Lopez v. Superior Court, supra*, 160 Cal.App.4th at pp. 832–833.)

■ Here J.V. had admitted the contempt charge and the probation violation, both of which involved gang conduct. The injunction itself found that the Olive Street gang was a criminal street gang within the meaning of section 186.22. Taken all together, *Jorge G., Martinez,* and *Lopez* may be interpreted to apply to these facts to mean that the crime of contempt for violating a gang injunction, and the ensuing probation violation, is "gang related" within the meaning of both sections 186.30 and 186.22.

We reject J.V.'s contention that there is a specific intent element to the term "gang related." The cases cited by J.V.—*Gardeley, Martinez, Jorge G.*—do not support his position. Furthermore, in view of J.V.'s admission of the two charges against him, we deem irrelevant a large part of his argument concerning sufficiency of evidence. In granting the gang injunction, the Los Angeles court had already found the Olive Street gang was a criminal street gang, making it unnecessary for the juvenile court to make further findings on that issue. (See *In re Jorge G., supra,* 117 Cal.App.4th at pp. 944–946.)

J.V. also objects to the imposition of the gang registration requirement during the subsequent dispositional hearing conducted in October and December 2008 after the court previously had struck the registration requirement in March 2008. The previous order was subject to correction at any time by a court with jurisdiction over the case. (*In re Kazuo G.* (1994) 22 Cal.App.4th 1, 5–6 [27 Cal.Rptr.2d 155]; *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040].) J.V.'s gang-related crime subjected him to imposition of the registration requirement.

■ The juvenile court did not abuse or fail to exercise its discretion in finding J.V.'s violation of the gang injunction was gang related under section 186.30 and requiring him to register.

## B. Failure to Advise of Registration Requirement

In November 2007, the court did not advise J.V. of the registration requirement before he admitted the contempt charge. J.V. asserts the registration requirement exceeds the terms of his plea bargain. He seeks to withdraw his plea or have the court strike the registration requirement and order specific performance of the plea without it. He cites *V.C. v. Superior Court* (2009) 173 Cal.App.4th 1455, 1465 [93 Cal.Rptr.3d 851], for the general principle that his "constitutional rights . . . include his due process right to the benefit of his plea bargain . . . ."

One obstacle to this argument is any error was waived by J.V.'s failure to raise the issue below. (*People v. McClellan* (1993) 6 Cal.4th 367, 376–377 [24 Cal.Rptr.2d 739, 862 P.2d 739]; *People v. Walker* (1991) 54 Cal.3d 1013, 1023

[1 Cal.Rptr.2d 902, 819 P.2d 861].) At none of the hearings conducted in February, September, October, or December 2008 or in January 2009 did J.V. seek to withdraw his plea.

Furthermore, defendant cannot demonstrate prejudice by showing he would not have entered into the plea if he had received an advisement about gang registration. (*People v. McClellan, supra,* 6 Cal.4th at p. 378; *People v. Walker, supra,* 54 Cal.3d at pp. 1022–1023; *People v. Olea* (1997) 59 Cal.App.4th 1289, 1297–1298 [69 Cal.Rptr.2d 722].) His bare assertion of prejudice is not enough. Neither in juvenile court nor on appeal has J.V. demonstrated that he would not have entered a plea if he had been advised about the requirement to register as a gang member.

### 3.  Disposition

J.V. pleaded no contest to the gang-related crime of contempt of court for violating a gang injunction. (§§ 166, subd. (a)(4), 186.22, 186.30.) At a dispositional hearing, the juvenile court properly imposed a requirement for gang registration.

We affirm.

Hollenhorst, Acting P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 28, 2010, S180253.