NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL WALDO GONZALEZ-LEYTON, | No. 07-74946 |
| Petitioner, | Agency No. A073-809-412 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued December 8, 2009
Submitted October 26, 2012
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

Manuel Waldo Gonzalez-Leyton's ("Gonzalez-Leyton"), a native and citizen

of Nicaragua admitted to the United States in December 2001, petitions for review

of the Board of Immigration Appeals ("BIA")'s decision finding him removable

---

   *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

and ineligible for cancellation of removal. We grant his petition and remand to the BIA for further proceedings consistent with this memorandum.

Following a plea of nolo contendere, Gonzalez-Leyton was convicted of unlawfully exhibiting, drawing, and using a deadly weapon in a fight and quarrel in violation of California Penal Code section 417(a)(1) with a special gang-related allegation under California Penal Code section 186.22(d), and sentenced to two years in prison. Section 417(a)(1) punishes any person "who, except in self-defense, in the presence of any other person, draws or exhibits any deadly weapon whatsoever, other than a firearm, in a rude, angry or threatening manner, or who in any manner, unlawfully uses a deadly weapon other than a firearm in any fight or quarrel," while section 186.22(d) provides for higher alternate penalties where a person commits a crime "for the benefit of, at the direction of or in association with, any criminal street gang with the specific intent to promote, further, or assist in any criminal conduct by gang members." The information charging Gonzalez-Leyton conjunctively alleged that he "did unlawfully, in the presence of another, draw *and* exhibit a deadly weapon in a rude, angry *and* threatening manner *and* did use a deadly weapon in a fight *and* quarrel." (emphasis added).

On the basis of that conviction, the Department of Homeland Security ("DHS") initiated removal proceedings against Gonzalez-Leyton, charging him as

2

removable under 8 U.S.C. § 1227(a)(2)(A)(i) and (iii) for having been convicted of a crime involving moral turpitude and an aggravated felony. The Immigration Judge ("IJ") concluded that Gonzalez-Leyton's conviction and sentence constituted an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(F), because it qualified as a "crime of violence" for which the term of imprisonment was at least one year, and ordered Gonzalez-Leyton removed to Nicaragua.[1] The BIA summarily affirmed.

Gonzalez-Leyton first argues that he was not convicted of a crime "for which the term of imprisonment [is] at least one year" because section 417(a)(1) authorizes a maximum sentence of six months, *see* Cal. Penal Code §§ 19, 417(a)(1), and he received a two-year sentence only because he admitted the special allegation under section 186.22(d), which imposes higher alternate penalties for gang-related crimes. We disagree. Because Gonzalez-Leyton admitted the section 186.22 allegation, he was "convicted" for purposes of the "aggravated felony" definition's one-year requirement. *See In re Martinez-Zapata*, 24 I. & N. Dec. 424, 426 (BIA 2007). Moreover, because the § 186.22(d) allegation related to the specific characteristics of the offense, we consider the

---

[1] Because the aggravated felony conviction was sufficient to render Gonzalez-Leyton removable, the IJ declined to consider whether Gonzalez-Leyton's conviction also qualifies as a crime involving moral turpitude.

3

alternate penalties resulting from section 186.22(d) for purposes of determining whether Gonzalez-Leyton was convicted of a crime for which the term of imprisonment was at least one year. *See United States v. Moreno-Hernandez*, 419 F.3d 906, 914 (9th Cir. 2005).

Gonzalez-Leyton next argues that he was not convicted of a "crime of violence" under 18 U.S.C. § 16(b).[2] We reject Gonzalez-Leyton's argument that his crime does not meet the § 16(b) definition because it is not a "felony." Although section 417(a)(1) specifically provides that a person who violates it "is guilty of a misdemeanor," *see* Cal. Penal Code § 417(a)(1), the special allegation under section 186.22(d) rendered the crime a "wobbler" that can qualify as either a felony or a misdemeanor, depending on the sentence actually imposed. *See Lopez v. Superior Court*, 72 Cal. Rptr. 3d 929, 933 (Cal. Ct. App. 2008). Because Gonzalez-Leyton was sentenced to two years in state prison, his conviction was a felony. *See* Cal. Penal Code § 17(b); *United States v. Robles-Rodriguez*, 281 F.3d 900, 904 (9th Cir. 2002).

Gonzalez-Leyton further argues that his nolo contendere plea to the conjunctively-charged information admitted only enough allegations to support a

---

[2] The government concedes that Gonzalez-Leyton's conviction does not satisfy 18 U.S.C. § 16(a) because it does not have as an element the use, attempted use, or threatened use of physical force.

conviction. We agree. Applying the modified categorical approach,[3] *see United States v. Aguila-Montes de Oca*, 655 F.3d 915, 920-22 (9th Cir. 2011) (en banc) (per curiam), "a guilty plea to a conjunctively phrased charging document establishes only the minimal facts necessary to sustain a defendant's conviction." *See Young v. Holder*, — F.3d —, 2012 WL 4074668, at *1 (9th Cir. Sept. 17, 2012) (en banc); *see id.*, at *6-8. Accordingly, Gonzalez-Leyton was convicted only of "draw[ing] or exhibit[ing] a[] deadly weapon . . . other than a firearm, in a rude, angry or threatening manner," Cal. Penal Code § 417(a)(1), and the IJ's contrary conclusion was premised on case law now superseded by our decision in *Young v. Holder*.

We therefore grant Gonzalez-Leyton's petition, and we remand so that the BIA may determine, in the first instance, whether Gonzalez-Leyton's crime of conviction qualifies as an aggravated felony crime of violence under § 16(b) applying *United States v. Aguila-Montes de Oca* and *Young v. Holder*.

GRANTED and REMANDED.

---

[3] In its initial brief on appeal, the government conceded that a conviction under section 417(a)(1) did not categorically qualify as a crime of violence. Although we are not bound to accept a concession on a matter of law, *see United States v. Miller*, 822 F.2d 828, 832 (9th Cir. 1987), we accept the government's concession for purposes of this disposition.