Filed 12/9/15  P. v. Urbina CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>EDWARD URBINA,<br><br>    Defendant and Appellant. | G051369<br><br>(Super. Ct. No. 13HF3278)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Jonathan S. Fish, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Edward Urbina appeals from the trial court's denial of his petition under Proposition 47 (see Pen. Code, § 1170.18; all further undesignated statutory references are to the Penal Code) to have his felony conviction for attempting to unlawfully take a vehicle (§ 664, subd. (a); Veh. Code, § 10851, subd. (a)) designated as a misdemeanor. He contends Proposition 47 implicitly renders the unlawful taking or attempted taking of a vehicle valued at no more than $950 a misdemeanor, or in the alternative that denying misdemeanor designation for such an offense violates equal protection. His challenge fails at the outset, however, because he made no effort to establish the vehicle he attempted to take was worth less than $950. We therefore affirm the order.

I

FACTUAL AND PROCEDURAL BACKGROUND

In April 2014, Urbina pleaded guilty to attempted unlawful taking of a vehicle, with a gang enhancement. (§ 664, subd. (a); Veh. Code, § 10851, subd. (a); § 186.22, subd. (b)(1).) As the factual basis for his plea, he admitted that in October 2013 he, along with two accomplices, "unlawfully attempt[ed] to drive and take a 1995 Honda Civic . . . with the intent to temporarily and permanently deprive the owner of his title and possession of the vehicle." He also admitted he committed the offense for a gang-related purpose. Under the plea agreement, the trial court dismissed other counts against Urbina and placed him on three years' probation under a suspended sentence, on condition he serve 365 days in jail, with 314 days of presentence credit.

In December 2014, probation authorities sought to revoke his probation, and Urbina responded with a petition to reduce his felony conviction to a misdemeanor under Proposition 47. His petition did not suggest the value of the vehicle he attempted to take fell in the range of petty theft under Proposition 47. (See § 490.2 [defining petty theft with an upper limit of $950 in stolen value].) Instead, he simply invited the trial court to "examine the record of conviction and determine if the violation of § 10851 and/or 496d in a specific case was [] a permanent deprivation (a vehicle theft) or a

2

temporary deprivation, and if the value of the vehicle or use stolen (as applicable) was $950 or less." (Original parentheses.) Nor did he make an offer of proof at the hearing or otherwise suggest the vehicle's value was $950 or less. The trial court denied Urbina's petition without comment, revoked his probation, and sentenced him to the middle term of one year in state prison, with credit for 390 days served. He now appeals.

## II

## DISCUSSION

Urbina argues the trial court erred in refusing to reduce his felony conviction to a misdemeanor. Adopted by the electorate as the Safe Neighborhoods and Schools Act (the Act), Proposition 47 "reduced the penalties for a number of offenses" (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879 (*Sherow*)), including forgery, check fraud, receiving stolen property, and certain low-level drug offenses. Accordingly, the Act amended sections 473, 476a, 496 to specify misdemeanor punishment in most circumstances for the foregoing theft-related offenses, and similarly amended the Health and Safety Code for the drug offenses. The Act also amended section 666 to make petty theft a wobbler for some recidivists,[1] and added: (1) section 459.5 to define shoplifting as a misdemeanor offense; (2) section 490.2 to define petty theft ("obtaining any property by theft," if the value does not exceed $950); and (3) section 1170.18 to establish a resentencing or felony reduction procedure for anyone previously convicted of a felony "who would have been guilty of a misdemeanor . . . had this act been in effect at the time of the offense . . ." (*id.*, subds. (a), (f)).

The electorate also specified in Proposition 47 that grand theft (§ 487) of an automobile is a misdemeanor in certain circumstances. The Penal Code sets particular dollar values for some stolen items to qualify as grand theft (e.g., $250 for "domestic fowls, avocados, olives, citrus or deciduous fruits . . . or other farm crops," § 487,

---

[1] "A wobbler is an offense chargeable as either a felony or a misdemeanor." (*Lopez v. Superior Court* (2008) 160 Cal.App.4th 824, 828, fn. 5.)

subd. (b)(1)(A)), but defines theft of an automobile (or firearm) of *any* value as grand theft (§ 487, subd. (d)). In adopting Proposition 47 and defining petty theft in newly-enacted section 490.2, the electorate specified: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor," except for recidivists in certain circumstances. (§ 490.2, subd. (a).)

Urbina's conviction offense, attempted taking of a vehicle (§ 664, Veh. Code, § 10851), punishes both attempted "joyriding" and permanently taking a victim's vehicle as a wobbler, in the prosecutor's discretion. The gravamen of the offense is "driv[ing] or tak[ing] a vehicle not [one's] own, without the consent of the owner thereof, and with intent either to permanently or temporarily deprive the owner thereof of his or her title to or possession of the vehicle." (Veh. Code, § 10851, subd. (a).) Urbina contends that where, as here, the record establishes an intent to permanently deprive the victim of his or her vehicle, and therefore the mental state necessary for theft instead of mere joyriding, the offense falls within Proposition 47's provision for petty theft of "any" property (§ 490.2), if the value of the vehicle is $950 or less.

The Attorney General insists no one convicted of a Vehicle Code section 10851 felony violation is eligible for misdemeanor resentencing because that code section is not listed in Proposition 47. The Attorney General cautions against expanding the proposition beyond the limits of redress set by the electorate. Urbina notes that Vehicle Code section 10851 "is a theft conviction" if it "is for the *taking* of the vehicle, with the intent to permanently deprive the owner of possession" (*People v. Garza* (2005) 35 Cal.4th 866, 881, original italics), and therefore a well-established lesser included offense of grand theft auto (§ 487; see, e.g., *People v. Marshall* (1957) 48 Cal.2d 394, 400; *People v. Pater* (1968) 267 Cal.App.2d 921, 926-927). Urbina argues it would be illogical for the electorate to expressly refer to section 487 in defining

4

petty theft offenses (§ 490.2) eligible for misdemeanor resentencing (§ 1170.18) without also implicitly intending to reach lesser included offenses like Vehicle Code section 10851, when it involves a theft.

In other words, Urbina contends that because all automobile theft constitutes grand theft under section 487, by specifying in section 490.2 that misdemeanor treatment is available for "all" thefts under $950.01 "[n]otwithstanding [s]ection 487," the electorate made clear that Proposition 47 misdemeanor redesignation is available for defendants convicted under Vehicle Code section 10851of permanently taking a vehicle, if it was worth no more than $950.

Alternatively, if the electorate did *not* so intend, Urbina asserts the harsher felony punishment for his Vehicle Code offense as compared to a misdemeanor conviction under sections 487 and 490.2 for stealing the same low-value vehicle violates his constitutional right to equal protection of the law. The Attorney General argues that, even assuming defendant is similarly situated with a person charged or convicted under the Penal Code instead of the Vehicle Code, a rational basis may be found for their disparate treatment in "allow[ing] prosecutorial discretion to charge some thefts of vehicles as felonies based on the particular facts of the case."

We need not resolve the parties' contentions or determine the precise contours of the voters' intent in enacting Proposition 47. Urbina's petition was fatally deficient in failing to make an offer of proof or present any evidence the value of the vehicle he took was $950 or less. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*Sherow*, *supra*, 239 Cal.App.4th at p. 878.) The petitioner for resentencing has the "initial burden of proof" to "establish the facts[ ] upon which his or her eligibility is based." (*Id*. at p. 880.) If the crime under consideration is a theft offense, "'the petitioner will have the additional burden of proving the value of the property did not exceed $950.' [Citation.]" (*Id*. at p. 879.) In making such a showing, "[a] proper petition could certainly contain at least

5

[the petitioner's] testimony about the nature of the items taken." (*Id*. at p. 880.) If the petitioner makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.) Urbina made no such threshold showing, and therefore the trial court did not err in denying his petition.

III

DISPOSITION

The trial court's order denying Urbina's resentencing petition is affirmed.

ARONSON, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

6