[No. A075662. First Dist., Div. Four. Aug. 20, 1997.]

In re RAMON T., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
RAMON T., Defendant and Appellant.

## COUNSEL

Ronald E. Moe for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, and David D. Salmon, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ANDERSON, P. J.**—At a jurisdictional hearing, allegations were sustained that Ramon T., a minor (appellant), had (1) committed assault with a firearm upon a peace officer (a violation of Pen. Code,[1] § 245, subd. (d)(1)); (2) committed assault with a firearm (a violation of § 245, subd. (a)(2)); (3) committed assault with a deadly weapon upon a peace officer (a violation of § 245, subd. (c)); (4) committed assault with a deadly weapon and with great bodily injury (a violation of § 245, subd. (a)(1)); (5) resisted arrest with firearm removal (a violation of § 148, subd. (c); (6) committed battery on a peace officer (a violation of § 243, subd. (c)); and (7) threw a substance on a vehicle (a misdemeanor). An allegation that appellant had committed the first six offenses for the benefit of, at the direction of, or in association with a criminal street gang pursuant to section 186.22, subdivision (b), was also sustained. All of the allegations stemmed from an incident which occurred on April 25, 1996, involving Brian Keith, an off-duty "BART" (Bay Area Rapid Transit) police officer, appellant, and two other juveniles, Carlos V. and Jesus T. At the dispositional hearing, appellant was committed to Fouts Springs Boys Ranch for a period not to exceed 21 years, 2 months.

[1]All further statutory references are to the Penal Code.

Appellant contends that insufficient evidence supports the juvenile court's findings on the first, third, fifth and sixth allegations and that insufficient evidence supports the gang enhancements. We disagree and affirm.

## I. FACTS

The incident began as Melody Keith, Officer Keith's estranged wife, was driving out of a parking lot of an apartment complex in Fairfield, following a vehicle driven by Officer Keith. Melody testified that she stopped to let three juveniles—appellant, Carlos and Jesus—pass by on bicycles. As she pulled out into the street, appellant threw a bottle and hit the rear of her car, scratching the paint.

Officer Keith, who was wearing shorts, a T-shirt, and sandals, saw appellant throw the bottle, turned around and came back. He got out of his vehicle, identified himself as a peace officer, and asked appellant why he had thrown something at the car. Appellant started to jump on his bike and leave, so Officer Keith grabbed him by the arm. He eventually had to place his arm over appellant's shoulder and across his chest to prevent appellant from leaving. He informed appellant that he was holding him until the Fairfield police arrived. When Melody Keith's car stopped, Officer Keith asked her if appellant were the one who had thrown the bottle. She said he was.

At that juncture, the other juveniles started to approach Officer Keith. He again identified himself as an officer and displayed his badge and identification. However, appellant stated, " 'No, he isn't. Get him.' " At that point, Carlos and Jesus attacked Officer Keith, each swinging a chain or cable with a padlock on it. A battle ensued in which Officer Keith was struck and kicked by appellant. During the struggle, Officer Keith's gun and holster fell to the ground. Appellant picked it up, ran a few feet away, pulled the gun from the holster and pointed it in the direction of the Keiths. Officer Keith again stated that he was a police officer and told appellant to put the gun down. Appellant threw the gun over a fence. When Officer Keith went to retrieve the gun, the juveniles left.

Fairfield Police Officer Paul Bockrath testified as an expert on gangs in the Fairfield area. Officer Bockrath testified that all three juveniles were active members of the Fairfield Nortenos, a street gang. He also opined that the offenses in question were committed by Nortenos "to benefit the gang by assisting each other."

The three juveniles testified. They denied being members of the Fairfield Nortenos. They did not deny being present when the incident with the Keiths

occurred; however, they indicated that they acted to protect appellant after Officer Keith put a choke hold on appellant. They also indicated that they never saw a badge and did not believe that Officer Keith was a police officer.

## II. ANALYSIS

### A. Substantial Evidence Supports the Findings That Appellant Knew or Should Have Known That Officer Keith Was a Peace Officer and That Officer Keith Was Engaged in the Performance of His Duties

█ Appellant first notes that the first, third, fifth and sixth allegations require proof (a) that appellant knew or should have known that Officer Keith was a peace officer and (b) that Officer Keith was engaged in the lawful performance of his duties. He asserts that no substantial evidence supports either requirement. █ We review the entire record and examine the evidence in the light most favorable to the Attorney General, presuming in support of the judgment " '. . . the existence of every fact the trier of fact could reasonably deduce from the evidence.' " (*People* v. *Johnson* (1980) 26 Cal.3d 557, 576-578 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255].)

█ As to the first requirement, appellant argues that there was insufficient evidence that appellant knew or should have known that Officer Keith was a peace officer. He notes that there was "nothing about [Officer Keith's] attire, vehicle or demeanor that would lead a reasonable person to believe he was a police officer." He also notes that, although Officer Keith testified that he told the juveniles several times that he was an officer and that he displayed his identification to them, he could not remember whether he had used one or two hands to do so. He further notes that the three juveniles denied seeing a badge and testified that they could not see what it was. He argues that, had the juveniles known Officer Keith was a peace officer, there would have been no need to "consistently ask to see a badge or obtain a badge number."

Appellant's argument lacks merit. Both Officer Keith and Melody Keith testified that Officer Keith repeatedly told the juveniles that he was a peace officer. They also testified that Officer Keith displayed his badge and identification. Moreover, as candidly admitted by appellant, all three juveniles testified that Officer Keith had identified himself as an officer and had displayed an identification card. Neither Officer Keith's attire nor the juveniles' testimony that they did not see a badge serves to reinforce appellant's claim that *no* substantial evidence supports a conclusion that appellant knew or should have known that Officer Keith was, in fact, a peace officer.

Indeed, with the exception of Officer Keith's attire and the juveniles' testimony, *all* the evidence introduced at trial established that appellant was clearly and repeatedly informed that Officer Keith was a peace officer.

As to the second requirement, appellant first tacitly concedes that Officer Keith had probable cause to arrest appellant for an offense committed in his presence. However, he then argues that the arrest became unlawful as a result of Officer Keith's use of excessive force. Again, appellant's argument lacks merit.

Appellant notes that the three juveniles testified that Officer Keith pulled appellant off his bike and held him with his arm across his throat. He also notes that the other two juveniles testified that appellant's face turned red and that he appeared to be having trouble breathing. On the other hand, Officer Keith testified that he put his arm around appellant's chest, and Melody Keith testified that Officer Keith's actions did not put appellant in any distress or cause any facial discoloration. The testimony of Officer Keith and Melody Keith certainly constitutes substantial evidence that Officer Keith did not use excessive force and that he was therefore engaged in the lawful performance of his duties.

### B.   *Substantial Evidence Supports the Gang Enhancements*

■ Appellant next argues that the section 186.22 enhancements required proof (a) that the Nortenos were a criminal street gang, (b) that the crimes were committed "for the benefit of, at the direction of, or in association with" the Nortenos and (c) that appellant was a "current, active" member of that gang. He further argues that no substantial evidence supports any of those three requirements. Again, we disagree.

Appellant is correct that the prosecution was required to prove that the Nortenos were a criminal street gang and that the crimes were committed for the benefit of, at the direction of or in association with the Nortenos. However, he is wrong in asserting that the prosecution was required to prove that he was a "current, active" member of that gang.

Appellant's claim that he must be proven to be an "active" member of the Nortenos is based on *People* v. *Green* (1991) 227 Cal.App.3d 692, 700 [278 Cal.Rptr. 140] (*Green*). However, *Green* considered what was required to constitute a violation of section 186.22, subdivision (a)—a substantive

offense which specifically requires "active" participation in a gang.[2] No such requirement is found in section 186.22, subdivision (b), which is an *enhancement.*[3]

Appellant's claim that he must be found to be a *"current,* active" member of the Nortenos is based on *People* v. *Marroquin*█ (Cal.App.). However, *Marroquin* also considered subdivision (a) of section 186.22—not subdivision (b).

We decline to read a requirement into subdivision (b) of section 186.22 that violation of that act requires either "active" or "current, active" participation in a gang. (See *People* v. *Gamez* (1991) 235 Cal.App.3d 957, 974, fn. 6 [286 Cal.Rptr. 894], disapproved on other grounds in *People* v. *Gardeley* (1996) 14 Cal.4th 605, 624, fn. 10 [59 Cal.Rptr.2d 356, 927 P.2d 713].) We now turn to the substantial evidence issues.

As to the Nortenos' status as a criminal street gang, Officer Bockrath testified that, in his opinion, the Nortenos engaged in several of the crimes listed in section 186.22 as a primary activity, including, specifically, assault with a deadly weapon, shooting at occupied dwelling houses, murder and attempted murder. He supported that opinion by noting that he had personally investigated several cases involving those offenses and that he had talked to both Nortenos and rival gang members about the activities of the Nortenos. Moreover, he offered specific testimony about offenses enumerated in section 186.22 which were committed by Jesus and Carlos in support of the gang's activities. In sum, substantial evidence supports the conclusion that the Nortenos were a criminal street gang within the meaning of section 186.22.

As to the remaining requirement, appellant argues that the assault upon Officer Keith occurred while appellant was trying to free himself from the officer's grasp. He then tacitly concedes that those crimes may have been committed "in association with" the Nortenos but argues it would be a "monumental stretch to say that such acts were 'in association with a street

---

[2]"Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years." (§ 186.22, subd. (a).)

[3]"Except as provided in paragraph (4), any person who is convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall, upon conviction of that felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of one, two, or three years at the court's discretion." (§ 186.22, subd. (b)(1).)

gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members.' " Appellant's argument is unavailing. We first note that Officer Bockrath opined that the crimes in question were, indeed, committed with such intent. In addition, in our view, a series of assaults and batteries committed to free a gang member (appellant) from the grasp of an officer effecting a lawful arrest strikes us as having unequivocally been committed with the intent of promoting, furthering *and* assisting in the criminal conduct of all three juveniles. In sum, substantial evidence supports the court's conclusion that appellant engaged in the crimes in question with the requisite intent under section 186.22.

## III. CONCLUSION

The judgment is affirmed.

Reardon, J., and Hanlon, J., concurred.