**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER R. ADAMS,<br><br>     Petitioner - Appellant,<br><br> v.<br><br>FRANCISCO JACQUEZ, Warden,<br><br>     Respondent - Appellee. | No. 11-17733<br><br>D.C. No. 2:10-cv-02266-JAM-KJN<br><br>MEMORANDUM\* |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted January 13, 2014
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and MAHAN, District Judge.\*\*

State prisoner Roger Adams appeals from the district court's denial of his

petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We have

jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

---

   \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

   \*\* The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

First, Adams argues that there was insufficient evidence to support his convictions and the firearm and gang enhancements imposed on him. In reviewing the constitutional sufficiency of evidence to support a criminal conviction, we follow the two-step process established by *Jackson v. Virginia. United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (discussing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)). First, we "must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* at 1164. Second, we must determine whether this evidence, when viewed in that light, is adequate to allow "*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Id.* (citation omitted). Moreover, "when we assess a sufficiency of evidence challenge in the case of a state prisoner seeking federal habeas corpus relief subject to the strictures of [the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)], there is a double dose of deference that can rarely be surmounted," as the state court's "application of the *Jackson* standard must be 'objectively unreasonable' to warrant habeas relief for a state prisoner." *Boyer v. Belleque*, 659 F.3d 957, 964–65 (9th Cir. 2011).

Viewing the evidence in this light, we reject Adams's argument. The evidence presented at trial, including evidence that Adams had ammunition on his person and gun residue on his clothing, was sufficient to allow "*any* rational trier

2

of fact" to convict him and impose the firearm enhancement. Moreover, the California Court of Appeal's determination that there was sufficient evidence to support the gang enhancement was not "objectively unreasonable." Adams's contention regarding the insufficiency of evidence that he was an "active" participant in the gang is meritless under California law. *See In re Ramon T.*, 57 Cal. App. 4th 201, 207 (Cal. Ct. App. 1997).

Second, Adams argues that the trial court made a variety of instructional errors, including failing to define "materiality" in the jury instructions, failing to provide instructions on lesser-related offenses, and failing to instruct the jury adequately as to the elements of the gang enhancement. The state court did not address the merits of these claims, instead holding that they were procedurally barred. Regardless of whether we review these claims de novo or conduct a more deferential AEDPA review, *see Runningeagle v. Ryan*, 686 F.3d 758, 778 (9th Cir. 2012), they fail, because Adams has not shown that the putative errors so infected his trial that his convictions violated due process. *See Estelle v. McGuire*, 502 U.S. 62, 72–73 (1991) (holding that challenges to jury instructions do not state a federal constitutional claim outside of a "very narrowly" defined category of infractions that violate "fundamental fairness") (citation omitted).

3

Finally, Adams argues that the trial court made several incorrect evidentiary rulings. Insofar as these claims involve the trial court's application of state law, they are not cognizable on federal habeas review. *See id.* at 67–68 (explaining that it is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Insofar as Adams's claim that his trial should have been bifurcated implicates federal law, it is rejected. *See Spencer v. Texas*, 385 U.S. 554, 567–68 (1967) (stating that bifurcated jury trials "have never been compelled by [the Supreme Court] as a matter of constitutional law").

In light of our rejection of Adams's claims on the merits, we do not reach the issue of the procedural bar imposed by the state court under *Ex parte Dixon*, 264 P.2d 513 (Cal. 1953).

**AFFIRMED.**