Filed 10/18/16

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064273 |
| v. | (Super.Ct.No. RIF75795) |
| LEO SWEENEY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Becky Dugan, Judge. Reversed and remanded with directions.

Robert L. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Allison V. Hawley and Charles C. Ragland, Deputy Attorneys General, for Plaintiff and Respondent.

Petitioner Leo Sweeney (defendant) was convicted of 10 felonies, all arising out of a take-over bank robbery, and sentenced to a total of 82 years to life in prison. He filed a petition to redesignate two of those felonies as misdemeanors pursuant to Proposition 47.

1

(This would not change the total term.) The trial court denied the petition; it ruled that defendant was not eligible for relief under Proposition 47, because the two felonies at issue were accompanied by gang enhancements.

Defendant appeals. We will hold that the gang enhancements did not disqualify defendant from relief. However, he failed to carry his burden to show that the two felonies involved property worth $950 or less. Accordingly, we will reverse and remand with directions to allow defendant to file an amended petition.

I

PROCEDURAL BACKGROUND

In 2003, defendant was convicted of 10 felonies. Count 8 consisted of receiving stolen property (Pen. Code, § 496, subd. (a)), namely a green 1984 Toyota van. Count 10 also consisted of receiving stolen property, namely a brown 1985 Oldsmobile.

With respect to all 10 counts, defendant admitted gang enhancements under Penal Code section 186.22, subdivision (b) (section 186.22(b)). He also admitted two strike priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.) He was sentenced to three consecutive terms of 25 years to life, plus 7 years.

On November 5, 2014, Proposition 47 went into effect. (See *People v. Esparza* (2015) 242 Cal.App.4th 726, 735.)

In 2015, defendant filed a petition for resentencing pursuant to Proposition 47. By checking a box on the petition, he alleged, "Defendant believes the value of the check or property does not exceed $950." The petition was signed by his attorney under penalty of perjury.

2

In opposition to the petition, the People argued that defendant was not eligible for resentencing because, given his admission of gang enhancements under section 186.22(b), his crimes would still be felonies under Penal Code section 186.22, subdivision (d)). As we will discuss in more detail below, this is an alternative penalty provision that can be used to elevate a gang-related misdemeanor to a wobbler.

The trial court denied the petition. It explained: "None of the felonies def[endant] was convicted of are qualifying. 496(a) would be, but it has a 186.22(b) allegation, making it a strike."

II

DEFENDANT IS NOT CATEGORICALLY INELIGIBLE,

BUT HE FAILED TO SHOW THAT HE WAS ELIGIBLE

BASED ON THE VALUE OF THE PROPERTY

A. *Legal Background.*

In general, as relevant here, Proposition 47 reduced specified theft-related offenses — provided they involve property worth $950 or less — as well as specified drug-related offenses from felonies (or wobblers) to misdemeanors. (Couzens & Bigelow, Proposition 47: "The Safe Neighborhoods and Schools Act" (May 2016 rev. ed.) pp. 24-28.[1]) The specified offenses include receiving stolen property in violation of Penal Code section 496, subdivision (a). Thus, Penal Code section 496, subdivision (a) now provides: "[I]f

---

[1] Available at <http://www.courts.ca.gov/documents/Prop-47-Information.pdf>, as of October 18, 2016.

3

the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor . . . ."

Proposition 47 also allowed persons previously convicted of one of the specified offenses as a felony to petition to reduce the conviction to a misdemeanor.  Specifically, it enacted Penal Code section 1170.18, which, as relevant here, provides:

"(a)  A person currently serving a sentence for a conviction . . . of a felony or felonies *who would have been guilty of a misdemeanor* under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act.

"(b)  Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a).  If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."  (Italics added.)

A defendant is not eligible for the reduced penalties of Proposition 47 if he or she has a disqualifying prior conviction.  The disqualifying prior convictions are those listed

4

in Penal Code section 667, subdivision (e)(2)(C)(iv) — nicknamed "super-strikes" — as well as those requiring sex offender registration under Penal Code section 290. (E.g., Pen. Code, § 496, subd. (a).) Here, the People do not claim that defendant has any disqualifying prior conviction.

B.    *The Parties' Contentions*.

Defendant contends the trial court erred by finding that he was ineligible for relief. In the trial court, the People argued that defendant was ineligible because his admission of the gang enhancements meant that his convictions for receiving stolen property remained felonies even after Proposition 47. By contrast, in this appeal, they claim it is "unnecessary" for us to decide whether defendant was eligible; they ask us to affirm the denial of the petition on the alternative ground that "[defendant] failed to carry his burden of proving his receiving stolen property convictions involved property valued at $950 or less."

We cannot so blithely ignore the effect of the gang enhancements. If defendant is categorically ineligible for relief, we must affirm the denial of the petition. As we will discuss in part II.B.3, *post*, however, if he was otherwise eligible, but he failed to carry his burden of showing the value of the property, we cannot simply affirm; rather, we must remand with directions to give him an opportunity to remedy the defect.

Accordingly, we will begin by discussing the prosecution's argument below that defendant was ineligible due to the gang enhancements. Next, we will discuss the trial court's actual ruling, which, although it was based on the gang enhancements, seems to have been somewhat different from what the prosecution was arguing. Finally, because

5

we conclude that defendant was not categorically ineligible, we will discuss whether he carried his burden of showing the value of the property.

1.      *The People's approach below.*

In the trial court, the prosecution relied on Penal Code section 186.22, subdivision (d) (section 186.22(d)).  This is an alternative punishment provision.  (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 899-900.)  As relevant here, it provides:  "Any person who is convicted of a public offense punishable as a felony or a misdemeanor, which is committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members, shall be punished by imprisonment in a county jail not to exceed one year, or by imprisonment in a state prison for one, two, or three years . . . ." (§ 186.22(d).)  In other words, when a crime would otherwise be a straight misdemeanor, section 186.22(d) elevates it to a wobbler.  (*Robert L. v. Superior Court*, *supra*, at pp. 906-907; *People v. Arroyas* (2002) 96 Cal.App.4th 1439, 1443-1444.)  The prosecution argued that, even if Proposition 47 had been in effect, defendant would not have been "guilty of a misdemeanor"; he would have been guilty of a wobbler.

Defendant responds that whether a person would have been "guilty of a misdemeanor" refers to the time of conviction, rather than the time of sentencing.  Thus, a person is guilty of a misdemeanor for purposes of Proposition 47 even if, at sentencing, the trial court exercises its discretion to treat the crime as a felony under section 186.22(d).

6

The problem with defendant's reasoning is that "a wobbler is a felony at the time it is committed and remains a felony unless and until the principal is convicted and sentenced to something less than imprisonment in state prison (or the crime is otherwise characterized as a misdemeanor)." (*People v. Moomey* (2011) 194 Cal.App.4th 850, 857; accord, *People v. Park* (2013) 56 Cal.4th 782, 791-793.) Hence, when section 186.22(d) applies, the underlying crime is a felony at the moment it is committed, and it continues to be a felony when the defendant is found guilty of it; it becomes a misdemeanor only if and when the trial court reduces it.

We do reject the prosecution's argument, albeit for a different reason. As a matter of due process, an alternative punishment provision must be pleaded and proved. (*People v. Mancebo* (2002) 27 Cal.4th 735, 747.) We may assume, without deciding, that in an ordinary case, it is sufficient to allege the facts underlying the alternative punishment provision; it is not necessary to cite the particular statute. (See generally *People v. Botello* (2010) 183 Cal.App.4th 1014, 1024-1025; *People v. Fialho* (2014) 229 Cal.App.4th 1389, 1397-1398.) Here, however, section 186.22(b) and section 186.22(d) are mutually exclusive; a defendant who receives an elevated sentence under section 186.22(d) cannot also be punished with an enhancement under section 186.22(b), or vice versa. (*Lopez v. Superior Court* (2008) 160 Cal.App.4th 824, 828-833; *People v. Arroyas*, *supra*, 96 Cal.App.4th at p. 1449.) Accordingly, the information alleging gang enhancements under section 186.22(b) did not give defendant adequate notice that section 186.22(d) might apply.

7

Because the prosecution never alleged or otherwise invoked section 186.22(d) until after defendant was convicted, defendant's convictions for receiving stolen property would have been misdemeanors if Proposition 47 had been in effect.

2.    *The trial court's actual ruling.*

The trial court denied defendant's petition on the ground that, due to the gang enhancements, his convictions for receiving stolen property were "strike[s]." This is somewhat different from the argument the prosecution was making.

However, it was erroneous. It is true that a felony conviction that is accompanied by a gang enhancement is necessarily a strike. (Pen. Code, §§ 667, subd. (d)(1), 1192.7, subd. (c)(28); *People v. Briceno* (2004) 34 Cal.4th 451, 456.) However, we have found no general rule that a strike cannot be reduced to a misdemeanor under Proposition 47. (See, e.g., Pen. Code, §§ 667, subds. (b)-(i), 1170.12, 1170.18; cf. *People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 981 [trial court can reduce a wobbler that would otherwise be a strike to a misdemeanor under Pen. Code, § 17, subd. (b)].)

3.    *The value of the property.*

Under Proposition 47, the petitioner has the burden to show that he or she is eligible for resentencing. With respect to a theft-related offense, this includes showing that the value of the relevant property was $950 or less. (*People v. Rivas-Colon* (2015) 241 Cal.App.4th 444, 449; *People v. Perkins* (2016) 244 Cal.App.4th 129, 136; *People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) Simply alleging that the petitioner "believes" the property was worth $950 or less is not enough, even if the petition is under penalty of perjury. "'An affidavit based on "information and belief" is hearsay and must

8

be disregarded.' [Citation.]" (*Baustert v. Superior Court* (2005) 129 Cal.App.4th 1269, 1275.) Rather, the petitioner must "indicate . . . the factual basis of his claim regarding the value of the stolen property." (*Perkins*, *supra*, at p. 137.)

Here, then, defendant had to explain how he knew that the 1984 Toyota and the 1985 Oldsmobile were worth $950 or less in 1997, when the crimes were committed. He did not do so.

In January 2015, however, when defendant filed his petition, the law on this point was not yet clear. Moreover, Riverside's mandatory local form petition (Form RI-CR039) did not require him to explain the factual basis for the valuation, nor did it provide any space for him to do so. It has been held that, under these circumstances, a Proposition 47 petition should be denied without prejudice, so as to allow the petitioner to file a new petition that makes the necessary factual showing. (*People v. Perkins*, *supra*, 244 Cal.App.4th at p. 141; *People v. Sherow*, *supra*, 239 Cal.App.4th at p. 881.)

We will follow that procedure here, but with one small variation. We have some concern that allowing a defendant whose petition has been denied to file a new petition may interact in unpredictable ways with res judicata and the finality of judgments. We also have some concern that, as time goes on, some defendants may not have enough time to file a new petition by the three-year statutory deadline. (See Pen. Code, § 1170.18, subd. (j).) Conversely, we have some concern that some defendants may unduly delay the filing of a new petition. Allowing the defendant to file an *amended* petition, within a reasonable time to be set by the trial court, lessens these concerns.

9

Thus, without deciding whether we are absolutely required to do so, we choose to do so as our disposition.

## III

## DISPOSITION

The order appealed from is reversed.  On remand, the trial court shall enter a new order denying the original petition, but giving defendant leave to file an amended petition.  The trial court, in its discretion, shall set a reasonable deadline for the filing of any such amended petition, and it shall have discretion to continue that deadline for good cause shown.

CERTIFIED FOR PUBLICATION

RAMIREZ_____
P. J.

We concur:

HOLLENHORST_____
J.

CODRINGTON_____
J.