Filed 11/15/16

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078123 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F02364) |
| v. | |
| RICHARD LOUIS WILSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Patrick Marlette, Judge.  Affirmed.

Monique Q. Boldin, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, and Jessica C. Leal, Deputy Attorney General, for Plaintiff and Respondent.

Penal Code section 1170.1, subdivision (g) permits the imposition of only one enhancement "for the infliction of great bodily injury."[1]  In this case the trial court imposed two enhancements -- a section 12022.7 subdivision (a) enhancement for inflicting great bodily injury, and a section 667, subdivision (a)(1) enhancement for committing a "serious felony" having been previously convicted of a serious felony.  The defendant's felony was a serious felony solely because he inflicted great bodily injury.

Is an enhancement for committing a serious felony having been previously convicted of a serious felony (§ 667, subd. (a)(1)), an enhancement "for the infliction of great bodily injury" under section 1170.1, subdivision (g) when the current felony is a serious felony solely because it involved the infliction of great bodily injury?  We conclude it is not because the Legislature intended that section 667, subdivision (a)(1) would apply to the defendant's status as a recidivist, not his conduct of inflicting great bodily injury.

Appointed counsel for defendant Richard Louis Wilson filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Following our review, we directed counsel to consider whether, under Penal Code section 1170.1, subdivision (g), the trial court correctly imposed enhancements under both section 12022.7, subdivision (a) and section 667, subdivision (a)(1).

We shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

While intoxicated, defendant drove his car into a house, severely injuring his passenger, his brother.  His brother suffered a concussion, an orbital fracture, a partially collapsed lung, bruising to the lung, and a femur fracture.

---

[1] Undesignated statutory references are to the Penal Code.

2

A jury convicted defendant of driving under the influence, causing injury (Veh. Code, § 23153, subd. (a); count one); driving with a 0.08 percent or higher alcohol level, causing injury (Veh. Code, § 23153, subd. (b); count two); and driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count three). As to counts one and two, the jury found he had inflicted great bodily injury (§ 12022.7). The court also found defendant had suffered a prior strike for attempted robbery.

At sentencing, defendant objected to the imposition of a section 12022.7, subdivision (a) great bodily injury enhancement. He argued section 1170.1, subdivision (g) allows imposition of only the greatest enhancement, "[w]hen two or more enhancements may be imposed for the infliction of great bodily injury . . . ." He argued that in addition to the section 12022.7 great bodily injury enhancement, he would receive a section 667, subdivision (a)(1)[2] enhancement for committing a serious felony with a prior serious felony conviction, but his current felony qualified as a serious felony solely because he had inflicted great bodily injury.[3] Thus, both enhancements came under the ambit of section 1170.1, subdivision (g).

The court concluded section 1170.1, subdivision (g) did not require it to stay the section 12022.7 enhancement. It sentenced defendant to a 14-year aggregate term: the upper term of three years for count one, doubled for the prior strike; a three-year section

_____

[2] Section 667, subdivision (a)(1) provides in pertinent part: "any person convicted of a serious felony who previously has been convicted of a serious felony . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately."

[3] Section 1192.7, subdivision (c) defines " 'serious felony' " for purposes of section 667, to include, inter alia, "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice, or any felony in which the defendant personally uses a firearm . . . ."

3

12022.7, subdivision (a) enhancement; and a five-year section 667, subdivision (a)(1) enhancement. The court then stayed imposition of sentence on counts two and three pursuant to section 654.

DISCUSSION

Section 1170.1, subdivision (g) provides: "When two or more enhancements may be imposed for the infliction of great bodily injury on the same victim in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for being armed with or using a dangerous or deadly weapon or a firearm." We directed the parties to address whether, under this provision, the trial court could impose both a section 12022.7, subdivision (a) enhancement and a section 667, subdivision (a)(1) enhancement.

Defendant argues the court erred. In support, he cites *People v. Rodriguez* (2009) 47 Cal.4th 501 (*Rodriguez*). *Rodriguez* applied section 1170.1, subdivision (g)'s sister provision, section 1170.1, subdivision (f), which bars imposing multiple enhancements for using a firearm.[4] (*Rodriguez*, at p. 508.) The trial court imposed two enhancements to each of Rodriguez's assault with a firearm convictions. (*Id*. at p. 505.) One enhancement was for personally using a firearm (§ 12022.5, subd. (a)), and one was for committing a violent felony to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). (*Rodriguez,* at p. 505.) The Supreme Court explained that Rodriguez became eligible for

_____

[4] In full section 1170.1, subdivision (f) provides: "When two or more enhancements may be imposed for being armed with or using a dangerous or deadly weapon or a firearm in the commission of a single offense, only the greatest of those enhancements shall be imposed for that offense. This subdivision shall not limit the imposition of any other enhancements applicable to that offense, including an enhancement for the infliction of great bodily injury."

4

the street gang enhancement only because he used a firearm, which triggered the "violent felony" classification. (*Id.* at p. 509.) Thus, Rodriguez's act of using a firearm was punished under two different sentence enhancements -- section 12022.5, subdivision (a) for personal use of a firearm, and section 186.22, subdivision (b)(1)(C) for committing a violent felony (by personal use of a firearm) to benefit a criminal street gang. (*Rodriguez,* at p. 509.) Because the firearm use was punished under two different enhancement provisions, the Supreme Court held that only the greatest enhancement could be imposed. (*Ibid.*)

Here, defendant argues that by the same reasoning, his felony became a serious felony — rendering him eligible for a section 667, subdivision (a)(1) enhancement — only because he inflicted great bodily injury. Thus, under section 1170.1, subdivision (g), imposing both enhancements was error.

The People respond that *Rodriguez* is distinguishable because, there, both enhancements were imposed for conduct. Here, however, the section 12022.7 enhancement was imposed for defendant's conduct (inflicting great bodily injury), while the section 667 enhancement was imposed for his recidivist status. The People argue that a "section 667, subdivision (a) enhancement is for a prior conviction, not the present one . . . and is not attached to any specific conduct aggravating the present offense . . . ." The People agree that the infliction of great bodily injury was the sole basis for the section 667 enhancement, but urge that the section 667 enhancement did not punish defendant's actions (as occurred in *Rodriguez*). Therefore, section 1170.1, subdivision (g) does not apply, and the court properly imposed both enhancements — which the People stress are mandatory. We agree with the People.

It is well established that "[s]ection 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions—authorized by sections 667.5, 667.6 and 12022.1—are of the first sort. The second kind of enhancements—those which arise

5

from the circumstances of the crime—are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted?" (*People v. Tassell* (1984) 36 Cal.3d 77, 90, overruled on other grounds in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401.) It is also well established that section 654, barring multiple punishment for the same act or omission, applies to the second sort of enhancement, but not to the first.

*People v. Coronado* (1995) 12 Cal.4th 145, 156 held that section 654 by its own terms applies only to an "act or omission." Because recidivist enhancements such as the one at issue here apply to the nature of the offender, rather than the facts of the offense, there are no acts or omissions to which section 654 may apply. (*Coronado,* at pp. 157-158.) "[P]rior prison term enhancements are attributable to the defendant's status as a repeat offender [citation]; they are not attributable to the underlying criminal conduct which gave rise to the defendant's prior and current convictions. Because the repeat offender (recidivist) enhancement imposed here does not implicate multiple punishment of an act or omission, section 654 is inapplicable." (*Id.* at p. 158.)

On the other hand, *People v. Ahmed* (2011) 53 Cal.4th 156, 164 held that enhancements relating to a defendant's conduct (the second sort of enhancement described above) focus on a particular aspect of the criminal act itself. *Ahmed* held that section 654 bars multiple punishment for the same aspect of a criminal act when applied to multiple enhancements for a single crime. (*Ahmed,* at p. 164.) As an example, section 654 bars multiple gun-use enhancements for the same act, but does not bar a gun-use and a great-bodily-injury enhancement for the same act. (*Ahmed,* at p. 164.)

We hold that, like section 654, section 1170.1, subdivision (g) prevents multiple punishment for the aspect of the underlying crime that amounts to the infliction of great bodily harm, but does not apply to a recidivist enhancement because such an enhancement does not implicate multiple punishment for a defendant's act of inflicting great bodily harm. We base our holding on the language of the applicable statutes and legislative history of section 1170.1.

6

Section 1170.1, subdivision (g) prevents the imposition of more than one enhancement that is "for the infliction of great bodily injury on the same victim in the commission of a single offense." The language "for the infliction of great bodily injury" indicates that the multiple enhancement restriction is directed to the act (of inflicting great bodily injury) and not the status of the defendant. Put another way, section 667, subdivision (a)(1), the recidivist enhancement at issue here, is an enhancement *for* the defendant's status as a repeat serious felony offender, not *for* his act of inflicting great bodily injury. The language of section 667, subdivision (a)(1) makes this clear: it imposes an enhancement "for each such *prior* conviction on charges brought and tried separately." (Italics added.)

We understand defendant's argument to be that in his case, the infliction of great bodily injury is the equivalent of the use of a firearm in *Rodriguez, supra*, 47 Cal.4th 501. He is claiming that his infliction of great bodily injury has been punished under two different sentence enhancements -- section 12022.7, subdivision (a) for inflicting great bodily injury, and section 667, subdivision (a)(1) for committing a serious felony (by inflicting great bodily injury) having been previously convicted of a serious felony.

Although the language in *Rodriguez* superficially lends itself to defendant's position -- the Supreme Court reversed in that case because the defendant's firearm use "resulted" in additional punishment under the two enhancements (*Rodriguez, supra,* 47 Cal.4th at p. 509) -- such an application here would amount to a fundamental misunderstanding of the nature of the section 667, subdivision (a)(1) recidivist enhancement, which was not involved in *Rodriguez.* As we have explained, section 667, subdivision (a)(1) does not punish defendant for inflicting great bodily injury, or for any particular act constituting the present felony. Rather, it punishes defendant for his recidivist nature -- his status as a repeat serious felony offender.

By contrast, in *Rodriguez* there was no status enhancement that punished Rodriguez for his status rather than his acts. The two enhancements at issue there were

7

section 12022.5, subdivision (a), which provided an enhanced sentence for "any person who personally uses a firearm in the commission of a felony . . ." and section 186.22, subdivision (b)(1)(C), which provided an additional sentence for committing a violent felony to benefit a criminal street gang. (*Rodriguez, supra,* 47 Cal.4th at p. 505.) Unlike section 667, subdivision (a)(1), section 186.22, subdivision (b)(1)(C) imposes an additional punishment on a defendant for his or her conduct in the present offense. Section 186.22, subdivision (b)(1) is a conduct enhancement, not a status enhancement. A section 186.22, subdivision (b)(1) enhancement does not require the defendant to have the status of a gang member. (*In re Ramon T.* (1997) 57 Cal.App.4th 201, 207.) Consequently, the gang enhancement was not based on the defendant's status as a gang member, but on his conduct of using a gun in committing a felony to benefit a gang.

Section 1170.1's legislative history supports our reading of the statute. Subdivision (g) was added substantially in its current form as part of Senate Bill No. 721, enacted in 1997. (Stats. 1997, ch. 750, § 3, p. 5067.) Prior to that time, section 1170.1, subdivision (e) provided as is relevant: "When two or more enhancements under Sections 12022, 12022.4, 12022.5, 12022.55, 12022.7, and 12022.9 may be imposed for any single offense, only the greatest enhancement shall apply." (Stats. 1994, ch. 1188, § 12, p. 7193.) Sections 12022, 12022.4, 12022.5, and 12022.55 were enhancements for use of a weapon. Section 12022.7 was for inflicting great bodily injury, and 12022.9 was for inflicting injury on a pregnant woman causing termination of the pregnancy.

Section 1170.1, subdivision (f) provided as is relevant: "The enhancements provided in Sections 667, 667.15, 667.5, 667.6, 667.8, 667.85, 12022, 12022.1, 12022.2, 12022.3, 12022.4, 12022.5, 12022.55, 12022.6, 12022.7, 12022.75, 12022.8, and 12022.9, . . . shall be pleaded and proven as provided by law." (Stats. 1994, ch. 1188, § 12, p. 7193.) Sections 667, 667.5, and 667.6 were enhancements for recidivism.

As can be seen, section 1170.1 historically did not include the recidivism enhancements as part of subdivision (e), which allowed only a single enhancement for

8

certain aspects of the underlying conduct.  Did the Legislature intend to materially change the statute to include the recidivism enhancements in those enhancements limited under the new subdivisions (f) and (g)?  The legislative history indicates the answer is "no."

The Senate Committee Analysis for the Committee on Public Safety stated the purpose of the bill was "to simplify California's consecutive sentencing scheme and remove several of the caps and limitations on imposing consecutive sentences."  (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 721 (1997-1998 Reg. Sess.).)[5] Apparently referencing subdivisions (f) and (g), the analysis stated:  "the bill replaces the numerous lengthy, confusing, and error-filled lists of various enhancements in the sentencing statutes with simple generic references."  Likewise, the analysis for the Assembly Committee on Public Safety stated that the bill "uses generic enhancement references to replace laundry lists in two or three statutes, and generally removes clutter by making stylistic (non-substantive) changes in the Penal Code."  (Assem. Com. on Public Safety, Analysis of Sen. Bill No. 721 (1997-1998 Reg. Sess.) p. 7.)

The legislative history indicates the Legislature did not intend to include recidivist enhancements within the definition of enhancements that were "for the infliction of great bodily injury" when it amended subdivision (g) to add the current language.  Rather, the Legislature was simplifying a complicated statute by replacing a long list of enhancements with a generic description of them.

---

[5]  We can and do take judicial notice of the legislative committee reports dealing with Senate Bill No. 721 on our own motion.  (*Kern v. County of Imperial* (1990) 226 Cal.App.3d 391, 400, fn. 8.)

## DISPOSITION

The judgment is affirmed.

/s/
Blease, Acting P. J.

We concur:

/s/
Nicholson, J.

/s/
Mauro, J.