Filed 6/8/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B295924 |
| Plaintiff and Respondent, | (Super. Ct. No. NA078438) |
| | (Los Angeles County) |
| v. | |
| ZAVIER LOUIS JESSUP, | |
| Defendant and Appellant. | |

In November 2016, voters passed Proposition 64, the Control, Regulate, and Tax Adult Use of Marijuana Act. (*People v. Boatwright* (2019) 36 Cal.App.5th 848, 853.) One of Proposition 64's purposes is to reduce penalties for nonviolent marijuana-related offenses. (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, § 2, subd. (G).) It achieves this purpose, in part, by permitting those convicted of marijuana-related felonies to apply to have their convictions redesignated as misdemeanors. (*People v. Laird* (2018) 27 Cal.App.5th 458, 463 (*Laird*); see Health & Saf. Code,[1] § 11361.8, subds. (e) & (f).) The issue

---

[1] Further undesignated statutory references are to the Health and Safety Code.

presented in this case is whether the attachment of a gang enhancement to a marijuana-related felony conviction renders that conviction ineligible for redesignation. We conclude that it does not.

Zavier Louis Jessup appeals from the trial court's order denying his application to redesignate his conviction for possession of marijuana for sale from a felony to a misdemeanor. (§ 11361.8, subds. (e) & (f).) Jessup contends the court erred when it concluded that the gang enhancement attached to his conviction made him ineligible for redesignation. We agree, and vacate the order denying Jessup's application.

FACTUAL AND PROCEDURAL HISTORY

In June 2008, Jessup pled no contest to possession of marijuana for sale, a felony (§ 11359), and admitted an allegation that he committed his crime for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(A)). The trial court sentenced him to four years in state prison. Jessup did not appeal from the judgment.

In December 2018, Jessup applied to have his felony possession-for-sale conviction redesignated a misdemeanor. (§ 11361.8, subd. (e).) Prosecutors did not oppose Jessup's application. The trial court nevertheless denied it in a written order, concluding that the gang enhancement attached to Jessup's conviction made him ineligible for section 11361.8 relief. Jessup filed his notice of appeal from that order in January 2019.

Apparently unaware that it had already been denied, the trial court held a hearing on Jessup's redesignation application in March. At the hearing the prosecutor said that Jessup was eligible for section 11361.8 relief because he had "no [prior] convictions that would make him ineligible." The court

2

replied that it believed the gang enhancement attached to Jessup's possession-for-sale conviction rendered him ineligible for redesignation. Defense counsel disagreed. He said the court should focus only on the conviction for the underlying offense. The court replied that the "underlying offense includes the gang [enhancement]." The hearing concluded when defense counsel realized that the court had previously denied Jessup's application and that the matter was pending on appeal.

DISCUSSION

Jessup contends the trial court erroneously concluded that the gang enhancement attached to his conviction for possession of marijuana for sale renders him ineligible for section 11361.8 redesignation. We agree.

Whether Jessup may have his conviction redesignated presents an issue of statutory interpretation for our independent review. (*People v. Medina* (2018) 24 Cal.App.5th 61, 66.) We interpret statutes added or amended by voter initiative, such as sections 11359 and 11361.8, in the same manner we interpret those enacted by the Legislature. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.) Our fundamental task is to ascertain the voters' intent when they adopted the statutes. (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901 (*Robert L.*).) We first consider the statutory language, "giving the words their ordinary meaning[s] and construing [the] language in the context of the statute[s] and initiative as a whole." (*People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 571 (*Pearson*).) We presume voters were "'aware of existing related laws'" when they enacted sections 11359 and 11361.8 (*People v. Valencia* (2017) 3 Cal.5th 347, 369), and that they "intended to maintain a consistent body of rules" (*People v. Superior Court* (*Zamudio*) (2000) 23 Cal.4th

3

183, 199). We also presume voters were aware of the judicial interpretation of those laws and that they intended for the same interpretation to apply to related laws with identical or substantially similar language. (*Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, 785 (*Moran*).) If we conclude that the language of sections 11359 and 11361.8 "is not ambiguous, we presume the voters intended the meaning apparent from that language, and [will] not add to the statute[s] or rewrite [them] to conform to some assumed intent." (*Pearson*, at p. 571.)

When Jessup pled no contest to possession of marijuana for sale in 2008, the crime was a felony. (Stats. 1976, ch. 1139, § 73, p. 5082.) Since the adoption of Proposition 64 in 2016, possession of marijuana for sale has been punishable as a misdemeanor, subject to limited exceptions. (*People v. Smit* (2018) 24 Cal.App.5th 596, 600 (*Smit*).) Now, any adult "who possesses [marijuana] for sale shall be punished by imprisonment in a county jail for a period of not more than six months or by a fine of not more than five hundred dollars ($500), or by both such fine and imprisonment" (§ 11359, subd. (b)), unless they have one or more disqualifying prior convictions (*id*., subd. (c)(1) & (2)), commit their crime in connection with the sale or attempted sale of marijuana to a minor (*id*., subd. (c)(3)), or commit their crime with a person 20 years of age or younger (*id*., subd. (d)).

Proposition 64 also added section 11361.8 to the Health and Safety Code. (*Smit*, *supra*, 24 Cal.App.5th at p. 600.) Subdivision (e) of section 11361.8 provides that a person who has completed the sentence on a felony possession-for-sale conviction "may file an application . . . to have [their] conviction . . . redesignated as a misdemeanor" if they "would have been guilty

4

of a lesser offense under [Proposition 64] had [it] been in effect at the time of the offense." "The [trial] court shall presume [that the applicant] satisfies the criteria in subdivision (e) unless the [prosecutor] proves by clear and convincing evidence that [they do] not." (§ 11361.8, subd. (f).) If the applicant satisfies the criteria, "the court shall redesignate the conviction as a misdemeanor." (*Ibid*.) Once redesignated, the conviction "shall be considered a misdemeanor . . . for all purposes." (§ 11361.8, subd. (h).)

Jessup has completed the sentence on his felony possession-of-marijuana-for-sale conviction. He has no prior convictions that would permit him to be punished for a felony violation of the current version of section 11359. Nor is there anything in the record to suggest that he committed his crime in connection with the sale or attempted sale of marijuana to a minor, or that he committed his crime with someone under the age of 21. The trial court was thus required to redesignate his conviction a misdemeanor unless prosecutors proved, by clear and convincing evidence, that he would have been guilty of a felony had the current version of section 11359 been in effect when he committed his offense in 2008.

Prosecutors failed to carry that burden here. If a defendant admits a Penal Code section 186.22, subdivision (b)(1), allegation, they are subject to a conduct enhancement. (*People v. Wilson* (2016) 5 Cal.App.5th 561, 568.) A conduct enhancement is "'an additional term of imprisonment added to the base term' [citation], which cannot be imposed without a conviction for the substantive offense." (*People v. Maultsby* (2012) 53 Cal.4th 296, 299-300.) Such an enhancement "'cannot . . . stand[] alone,'" cannot "be equated with an offense," and cannot provide the

5

"'legal elements of the offense[] to which [it] attach[es].'" (*People v. Anderson* (2009) 47 Cal.4th 92, 118, italics omitted.)  It is separate and distinct from the conviction on the underlying offense.

*People v. Briceno* (2004) 34 Cal.4th 451 does not hold otherwise.  The issue in *Briceno* was whether the definition of "serious felony" in Penal Code section 1192.7, subdivision (c)(28)—i.e., "any felony offense, which would also constitute a felony violation of [Penal Code section] 186.22"—includes only the substantive offense of active participation in a criminal street gang, or any felony committed for the benefit of a gang. (*Briceno*, at p. 456.)  The court concluded that any felony committed for the benefit of a gang falls within the definition of a "serious felony." (*Id*. at p. 464.)  In reaching that conclusion, the court did not suggest that the gang enhancement is part of the underlying offense.  Rather, it based its conclusion on the fact that the term "violation" used elsewhere in Penal Code section 1192.7, subdivision (c), and related statutes includes a violation of various statutes that define conduct enhancements. (*Briceno*, at pp. 460-462.)  Additionally, the court noted that the attachment of certain conduct enhancements to felonies not listed in Penal Code section 1192.7, subdivision (c), elevates those crimes to serious felonies. (*Briceno*, at pp. 463-464.)  That reinforces the proposition, set forth in *Maultsby* and *Anderson*, that an enhancement is considered separately from the conviction to which it is attached.

*People v. Sweeny* (2016) 4 Cal.App.5th 295 (*Sweeny*) is instructive.  The *Sweeny* defendant was convicted of two felony counts of receiving stolen property. (*Id*. at p. 298.)  A gang enhancement was attached to each conviction. (*Ibid*.)  After

6

voters passed Proposition 47, the defendant petitioned for resentencing pursuant to Penal Code section 1170.18.  (*Ibid*.)  The trial court denied the petition, but the Court of Appeal reversed, concluding that the gang enhancements attached to the defendant's convictions did not render him ineligible for resentencing simply because they elevated his convictions to serious felonies.  (*Id*. at pp. 301, 303.)

The same is true here.  Like Penal Code section 1170.18, section 11361.8 permits a person convicted of a felony violation of a listed offense to either petition the trial court to resentence them (§ 11361.8, subd. (a)) or apply to have their conviction redesignated (*id*., subd. (e)).  The language used in section 11361.8 is substantively identical to that in Penal Code section 1170.18.  We presume voters were aware of the *Sweeny* court's interpretation of that language when they approved Proposition 64 the month after *Sweeny* was decided, and that they intended for the same interpretation to apply to section 11361.8.  (*Moran, supra*, 40 Cal.4th at p. 785.)  Under that interpretation, the gang enhancement attached to Jessup's possession-for-sale conviction does not render him ineligible for redesignation.

This conclusion comports with the structure and context of sections 11359 and 11361.8 as a whole.  (*Pearson, supra*, 48 Cal.4th at p. 571.)  Section 11359 includes specified exceptions that permit treating possession of marijuana for sale as a felony:  if the defendant has certain prior convictions (*id*., subd. (c)(1) & (2)), sells marijuana to a minor (*id*., subd. (c)(3)), or commits their crime with a person under age 21 (*id*., subd. (d)).  The absence of a gang enhancement exception in section 11359 implies that voters did not intend to include it.  (See *Howard*

7

*Jarvis Taxpayers Assn. v. Padilla* (2016) 62 Cal.4th 486, 514 ["the explicit mention of some things in a text may imply other matters not similarly addressed are excluded"].) Section 11361.8 similarly includes no language that excludes felony convictions with attached gang enhancements. "[W]e may not add to [a] statute or rewrite it to conform to some assumed intent not apparent from that language." (*Pearson*, at p. 571.)

Our conclusion also fits within our mandate to "liberally" and "broadly" construe Proposition 64's provisions to effectuate its purposes. (Ballot Pamp., Gen. Elec. (Nov. 8, 2016) text of Prop. 64, §§ 10, 11.) As set forth above, one of Proposition 64's purposes is to reduce the penalties for nonviolent marijuana-related felonies by redesignating them as misdemeanors. (*Laird, supra*, 27 Cal.App.5th at p. 463.) Jessup's underlying offense was both nonserious and nonviolent. The gang enhancement attached to that offense elevated it to a serious—but nonviolent—felony. (See Pen. Code, § 1192.7, subd. (c)(28).) Permitting Jessup to have his conviction redesignated thus helps to further Proposition 64's purpose. (Cf. *Smit, supra*, 24 Cal.App.5th at p. 602 [permitting resentencing of defendant convicted of "super strike" offense at the same time he was convicted of possession of marijuana for sale was consistent with voters' intent when they adopted Proposition 64]; *Sweeny, supra*, 4 Cal.App.5th at p. 302 [Proposition 47 permits reducing serious felony to misdemeanor].)

Like his predecessor in *Sweeny*, the Attorney General argues Jessup is not eligible for redesignation "because, given his admission of [the Penal Code section 186.22, subdivision (b)(1), allegation], his crime[] would still be [a] felon[y] under Penal Code section 186.22, subdivision (d)," since the two subdivisions share the same elements. (*Sweeny, supra*, 4 Cal.App.5th at p.

8

298; compare *People v. Garcia* (2017) 9 Cal.App.5th 364, 379 [elements of Penal Code section 186.22, subdivision (b)(1)] with *People v. Gonzales* (2015) 232 Cal.App.4th 1449, 1464 [elements of Penal Code section 186.22, subdivision (d)].) We reject this argument. Section 11361.8 permits redesignation of *existing* felony convictions. "It does not require [an applicant] to examine the Penal Code for other offenses [their] conduct would have supported and prove [that they] would not have been convicted of those." (*People v. Abarca* (2016) 2 Cal.App.5th 475, 484.) "Nor does it suggest [that a trial] court must examine the Penal Code to assure itself . . . that an offender could not have been convicted of a different felony for the same underlying conduct." (*Ibid*.)

Even if it did, the Attorney General's argument ignores many of the steps that would be required for Jessup's conviction to remain a felony under the current version of section 11359: Jessup would first have to show that his felony possession-for-sale conviction could be redesignated a misdemeanor. (§ 11361.8, subd. (e).) The trial court would then have to find that Jessup made the required showing, and redesignate his conviction accordingly. (*Id*., subd. (f).) After redesignation, prosecutors would have to move to modify Jessup's admission on the Penal Code section 186.22, subdivision (b)(1), allegation—which cannot attach to a misdemeanor, as Jessup's conviction would stand—to an admission on a Penal Code section 186.22, subdivision (d), allegation—which can attach to a misdemeanor (see *Robert L.*, *supra*, 30 Cal.4th at p. 903). If the court granted that motion, Jessup's conviction would be elevated from a misdemeanor to a "wobbler." (*Sweeny*, *supra*, 4 Cal.App.5th at p. 301.) Because a wobbler is a felony unless reduced to a misdemeanor (*ibid*.), for it to remain a felony the

9

court would have to both:  (1) refrain from exercising its discretion to strike the Penal Code section 186.22, subdivision (d), allegation (see Pen. Code, § 186.22, subd. (g)), and (2) refrain from exercising its discretion to treat the conviction as a misdemeanor (*Sweeny*, at p. 301).

Such a procedure is contrary to the plain language of section 11361.8.  Once a trial court redesignates a conviction from a felony to a misdemeanor, that conviction "shall be considered a misdemeanor . . . for all purposes." (§ 11361.8, subd. (h).)  A court could thus never reach the issue of whether a defendant's admission to a Penal Code section 186.22, subdivision (b)(1), allegation could be modified to an admission on a Penal Code section 186.22, subdivision (d), allegation, or take any of the steps after that.

Moreover, even if this hypothetical procedure were permissible under section 11361.8, the Attorney General does not specify who carries the burden of demonstrating whether Jessup's conviction would remain a misdemeanor or be reelevated to a felony.  Requiring Jessup to show that his conviction would be reduced to a misdemeanor, and then reduced again after it was elevated to a wobbler, is contrary to the plain language of section 11361.8, which required Jessup *only* to show that he would have been guilty of a misdemeanor had Proposition 64 been in effect when he committed his offense. (§ 11361.8, subd. (e).)  Nothing in the section 11361.8 can be interpreted as requiring him to make that showing twice.

It thus would have fallen to prosecutors to show that Jessup's conviction would remain a felony at the conclusion of redesignation proceedings. (§ 11361.8, subd. (f).)  But in the proceedings below, prosecutors did not move to modify Jessup's

10

admission on the Penal Code section 186.22, subdivision (b)(1), allegation. Nor did they show that the trial court would have granted that motion, that the court would not have struck any modified allegation, or that the court would have treated any allegation not stricken as a felony. They thus failed to show, by clear and convincing evidence, that Jessup would have been guilty of a felony even if Proposition 64 had been in effect when he committed his offense in 2008. (*Id.*, subds. (e) & (f).) Redesignation was required.

DISPOSITION

The trial court's January 2, 2019, order denying Jessup's application to redesignate his felony possession-of-marijuana-for-sale conviction is vacated. On remand, the court shall enter an order granting Jessup's application and redesignating his conviction a misdemeanor.

CERTIFIED FOR PUBLICATION.

TANGEMAN, J.

We concur:


GILBERT, P. J.


YEGAN, J.

11

Gary J. Ferrari, Judge

Superior Court County of Los Angeles

_____

Susan Morrow Maxwell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Michael R. Johnsen and Blythe J. Leszkay, Deputy Attorneys General, for Plaintiff and Respondent.