Filed 11/29/23  P. v. Osorio CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050582 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C2106199) |
| v. | |
| EDUARDO DANIEL OSORIO, | |
| Defendant and Appellant. | |

Defendant Eduardo Daniel Osorio appeals from the judgment imposed after his no contest plea.  The Attorney General concedes that the trial court erred in imposing a gang registration requirement under Penal Code section 186.30.[1]  We order the gang registration requirement stricken, and otherwise affirm the judgment.

## I. BACKGROUND

### A.  Procedural History

The Santa Clara County District Attorney charged Osorio[2] in an indictment with assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 1); dissuading or attempting to dissuade a witness (§ 136.1, subd. (c)(1); count 2); using force upon and threatening force and violence against a witness (§ 140, subd. (a); count 3); and participating in a criminal street gang (§ 186.22, subd. (a); count 4).  As to counts 1 and 3, the indictment alleged a criminal street gang special allegation under section

---

[1] Undesignated statutory references are to the Penal Code.

[2] Osorio was one of 31 defendants charged in this indictment.

186.22, subdivision (b)(1)(A), and as to count 2, the indictment alleged a gang special allegation under section 186.22, subdivision (b)(4)(A).

On August 2, 2021, Osorio filed a motion under section 995 to dismiss count 4 of the indictment along with the gang special allegations in counts 1, 2, and 3. The trial court denied the motion on December 3, 2021.

Assembly Bill No. 333 (2021-2022 Reg. Sess.; Stats. 2021, ch. 699), which amended section 186.22, became effective on January 1, 2022. On March 1, 2022, Osorio filed a renewed section 995 motion, once again challenging the gang special allegations, as well as the charge of participating in a criminal street gang (count 4). The district attorney opposed the motion.

The court granted Osorio's renewed section 995 motion, finding under amended section 186.22, subdivision (e)(1) there was insufficient evidence that the common benefit of the predicate crimes was more than reputational, and it dismissed count 4 and the gang special allegations accompanying counts 1, 2, and 3. Osorio then entered no-contest pleas, without a plea agreement, to the remaining counts.

Osorio filed a sentencing memorandum arguing that the court could not impose a gang registration requirement under section 186.30 because of the findings it made when it granted the motion to dismiss count 4 and the gang special allegations. The court rejected this argument, and determined that the gang registration requirement applied to Osorio because his offense conduct in this case was "gang related" within the meaning of section 186.30, subdivision (b)(3).

The court sentenced Osorio to an aggregate term of five years in state prison. The court also ordered him to register as a gang member in accordance with the requirements of section 186.30.

Osorio filed a timely notice of appeal.

**B. Factual Summary of the Case[3]**

Francisco Frias was arrested in November 2020. After being housed initially at the Main Jail Facility, he was transferred to Elmwood Correctional Facility and placed in the M2-A dormitory. There, he was housed with fellow Sureño gang members. Two years before his arrest, Frias had provided a recorded statement to law enforcement in a homicide investigation involving Sureño gang members. On November 30, 2020, minutes after he entered the M2-A dorm, he was confronted with a computer tablet that contained his recorded statement. After Frias admitted that the voice on that tablet was his, he was assaulted by several of the people in custody in the M2-A dorm.

## II. DISCUSSION

Osorio argues that there was insufficient evidence to support the imposition of the section 186.30 gang registration requirement. The Attorney General correctly concedes this argument. We agree with the parties that the gang registration requirement should be stricken.

In determining whether the trial court's finding that Osorio's offense was "gang related" was supported by sufficient evidence " '[w]e review the whole record most favorably to the judgment to determine whether there is substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could have made the requisite finding under the governing standard . . . .' [Citation.]" (*In re Jorge G.* (2004) 117 Cal.App.4th 931, 941-942 (*Jorge G.*).)

Section 186.22 defines the offense of participation in a criminal gang as "[a] person who actively participates in a criminal street gang with knowledge that its members engage in, or have engaged in, a pattern of criminal activity, and who willfully promotes, furthers, or assists in felonious criminal conduct by members of that

---

[3] The facts for this summary are taken from the trial court's order on Osorio's motion to dismiss count 4 and the gang enhancements in counts 1-3, based on the grand jury testimony of Francisco Frias.

gang . . . ." (§ 186.22, subd. (a).) Osorio was charged under section 186.22, subdivision (a) in count 4 of the indictment. Section 186.22, subdivision (b) provides for enhanced punishment when a person is convicted of an enumerated felony "for the benefit of, at the direction of, or in association with a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by gang members . . . ." (§ 186.22, subd. (b)(1).) The indictment alleged gang enhancements against Osorio under section 186.22, subdivision (b) in counts 1, 2, and 3.

Section 186.22, as amended by Assembly Bill No. 333, defines a "criminal street gang" as "an ongoing, organized association or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more [enumerated criminal acts], having a common name or common identifying sign or symbol, and whose members collectively engage in, or have engaged in, a pattern of criminal gang activity." (§ 186.22, subd. (f).) Subdivision (e)(1) of the amended statute in turn defines "pattern of criminal activity" as "the commission of, attempted commission of, . . . or conviction of, two or more of the [enumerated] offenses, . . .the offenses were committed on separate occasions or by two or more members, the offenses commonly benefited a criminal street gang, and the common benefit of the offense is more than reputational." (§ 186.22, subd. (e)(1).)

In the motion to dismiss, the trial court determined that there was insufficient evidence to prove the existence of a criminal street gang for purposes of section 186.22 because the evidence before the grand jury did not adequately demonstrate that the common benefit of the predicate offenses was more than reputational, and thus no "pattern of criminal activity" was shown. Accordingly, the court dismissed count 4 of the indictment, as well as the gang special allegations in counts 1, 2, and 3.

Section 186.30 requires any person convicted of "[a]ny crime the court finds is gang related at the time of sentencing or disposition" to register with law enforcement

4

within 10 days of release from custody.[4]  (§ 186.30, subd. (b).)  At sentencing, the trial court found that the offense conduct in this case was gang related because of "the brutality" of the crime, and it stated that "the highly coordinated aspect of this crime" meant it was "an organized assault," such that it was "committed for the benefit of the gang."  The court remarked further that it struck the enhancements "because the record was deficient on the predicate offenses and whether or not they met the technical new requirements under Assembly Bill 333" but "there was never a doubt in my mind that the actual substantive offense was committed to retaliate against or silence this witness informant," and thus it was gang related.

The California Courts of Appeal have repeatedly held that the meaning of "gang related" as used in section 186.30 is the same as the one set forth in section 186.22.  (*In re J.V.* (2010) 181 Cal.App.4th 909, 912 (*J.V.*), citing *Jorge G.*, *supra*, 117 Cal.App.4th at pp. 940-941 and *People v. Martinez* (2004) 116 Cal.App.4th 753, 761-762.)  Thus, there must be substantial evidence to establish the existence of a "criminal street gang" within the meaning of section 186.22, subdivisions (e)(1) and (f) before a court may impose the gang registration requirement.

In ruling on the section 995 motion, the court found that there was insufficient proof of the existence of a criminal street gang because the evidence did not demonstrate that the predicate offenses provided a common benefit that was more than reputational. The court thus determined that with no qualifying predicate offenses, substantial evidence did not exist to prove that Osorio's crimes were gang related, as defined under section 186.22, subdivisions (e) and (f).  Because the term "gang related" in section 186.30 is defined by the terms set forth in section 186.22 (see *J.V.*, *supra*, 181 Cal.App.4th at p. 912), substantial evidence does not support the trial court's finding under section

---

[4] Section 186.30 also requires gang registration for any person convicted of section 186.22, subdivision (a) or any crime where a section 186.22, subdivision (b) enhancement is found to be true.  (§ 186.30, subd. (b).)

5

186.30 that Osorio's offense conduct in this case was "gang related." Therefore, we will strike the order requiring Osorio to register as a gang member under section 186.30.

## III. DISPOSITION

The gang registration condition set forth in the trial court's order of November 14, 2022, is stricken. As so modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment striking the gang registration under Penal Code section 186.30. The trial court shall send a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

_____
                        Greenwood, P. J.

WE CONCUR:



_____
  Bamattre-Manoukian, J.




_____
  Danner, J.




H050582
People v. Osorio